LABORDE, Judge.
Defendant, Harold Ray Wisdom, was charged with simple burglary in violation of LSA-R.S. 14:62. After pleading guilty, he was sentenced on January 27, 1984, to serve six (6) years at hard labor. Defendant appeals, alleging that his sentence is excessive and that the trial judge failed to consider the sentencing guidelines pursuant to LSA-C.Cr.P. article 894.1. We affirm.
*1001 FACTS
On August 4, 1983, defendant was charged by bill of information with simple burglary in violation of LSA-R.S. 14:62 and felony theft in violation of LSA-R.S. 14:67. Pursuant to a plea bargain with the District Attorney’s office, defendant pleaded guilty to the simple burglary charge in return for a dismissal of the felony theft charge.
The charges arose out of defendant’s involvement with a co-defendant, Anthony Overly. On April 12,1983, the two of them entered the home of Charles Fulda, III, and removed nearly all of the furniture, objects, and valuables therein. Defendant’s principal involvement in the offenses was to drive the truck used to transport the stolen items.
On November 9, 1983, defendant pleaded guilty to simple burglary and on January 27, 1984, he was sentenced to six (6) years at hard labor.
ISSUE
Defendant raises three (3) assignments of error on appeal contending that the trial judge failed to comply with the sentencing guidelines under LSA-C.Cr.P. article 894.1, and that his sentence is unconstitutionally excessive.
REVIEW OF SENTENCE AND COMPLIANCE WITH LSA-C.Cr.P. ART. 894.1
The penalty for simple burglary provides for a fine of not more than two thousand dollars ($2,000), imprisonment with or without hard labor for not more than twelve (12) years, or both. Defendant contends that imposition of a six (6) year sentence in this instance is unconstitutionally excessive. Defendant further contends that the trial judge failed to state for the record the considerations and factual basis for the sentence imposed.
In sentence review cases, we first consider whether the trial court has complied with the requirements of article 894.1. Assuming that it has complied, we then determine the question of excessiveness on the merits in light of the circumstances alleged on appeal. If the trial court has complied with article 894.1, as in this case we find that it has, we next consider whether the defendant has shown his sentence to be an apparently severe or excessive one. If it is shown to be excessive, the court will remand for resentencing. If it is not, we will affirm. State v. Vizena, 454 So.2d 1291 (La.App. 3rd Cir.1984).
In this instance, we find that the trial judge adequately stated for the record the considerations and factual basis taken into account for imposing sentence on the defendant. LSA-C.Cr.P. 894.1(C). We also find that defendant has failed to show that his sentence is excessive or apparently severe in relation to him and the actual offense committed. Further, we do not find from our independent research that the defendant’s sentence is an excessive one under the circumstances. See State v. Vallare, 430 So.2d 1336 (La.App.3d Cir. 1983); State v. Frank, 310 So.2d 110 (La. 1975).
Accordingly, we hold that defendant’s sentence must be upheld.
For the above and foregoing reasons, the defendant’s sentence is affirmed.
AFFIRMED.