466 So.2d 733 (1985)
STATE of Louisiana
v.
Walter MOSLEY.
No. KA-2244.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1985.
Writ Denied May 24, 1985.
*734 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Maria M. Lazarte, Asst. Dist. Atty., New Orleans, for plaintiff-appellee State of La.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant Walter Mosley.
Before GULOTTA, SCHOTT and KLEES, JJ.
KLEES, Judge.
This is an appeal from a conviction of three counts of armed robbery. A twelve member jury found defendants Walter Mosley and Harry Caesar guilty of robbing at gunpoint three employees of a dry cleaning store. Defendant Caesar was also convicted of the attempted murder of a customer of the store, but Walter Mosley was acquitted of this charge. Only defendant Mosley has appealed. By his sole assignment of error, Mosley contends that the sentence he received is excessive. For the reasons given below, we affirm the defendant's conviction and sentence.

FACTS:
At about 4:15 p.m. on September 10, 1983, Doris Nealy, Joan Holmes and Joyce Winfield were working at a One-Hour-Martinizing store in the Carrolton Shopping Center when two men walked into the store, pulled out guns, and ordered the three women to the back of the shop. The taller man, Harry Caesar, told the women to remove their jewelry. Caesar then walked Joyce Winfield to the front of the store to open the cash register, while Mosley held the other two women in the bathroom.
As Caesar was standing with Joyce Winfield behind the cash register, a customer entered the shop and handed Winfield a claim ticket. While Winfield was searching for the customer's clothes, the customer, Harlow Arlie, realized he had forgotten his money and went to his car to get it. Another customer, Elliott Smith, walked into the store, and Mr. Arlie came back in behind him. Arlie then noticed that Caesar had a gun. When Arlie attempted to grab the gun, Caesar began firing, hitting Arlie in the hand, arm and chest. Arlie staggered out of the store and was on the sidewalk in front of the adjacent McDonald's when he saw both Caesar and Mosley run out of the cleaning store. Arlie, who is a civil sheriff, pulled out his gun and fired at them, causing them to run back into the cleaning store.
At about this time the police arrived on the scene, having been summoned by a security guard at a nearby jewelry store who had observed the exchange of gunfire on the sidewalk. Caesar and Mosley tried to escape through the back door of the shop, but found that the building was surrounded by police. The perpetrators then held Joan Holmes and Doris Nealy hostage while they sent Elliott Smith out to the police with a note demanding a getaway car. Joyce Winfield was hiding behind a clothes rack during this time. The police S.W.A.T. team was called in, and after a fifteen minute exchange of conversation, the defendants surrendered, releasing the hostages. The arresting officer recovered all the victims' jewelry, as well as $208.00 in currency, from Walter Mosley's pocket.
At the trial, both defendants pled not guilty. Mosley took the stand and testified that he was surprised when Caesar pulled his gun and announced a stick-up. Mosley stated that Caesar had orchestrated the entire event, and that he had participated only because he was afraid of Caesar. He maintained that he had not actively assisted in either the armed robbery or the shooting of Mr. Arlie.

ERRORS PATENT:
Our review of the record reveals that there are no errors patent with respect to the appellant, Walter Mosley.

SUFFICIENCY OF EVIDENCE:
Defendant Mosley was convicted of three counts of armed robbery, defined in *735 LSA-R.S. 14:64 as "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon." Evidence at trial positively established that items of jewelry were taken from the three store employees by use of force and intimidation, while both defendants were armed with guns. Furthermore, the jewelry taken was later found by the police in the pants pocket of defendant Mosley. Therefore, viewing the evidence in the light most favorable to the prosecution, we conclude that it is sufficient for a rational juror to have found Walter Mosley guilty beyond a reasonable doubt of three counts of armed robbery. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Nealy, 450 So.2d 634 (La.1984). We therefore affirm the conviction of defendant Mosley.

ASSIGNMENT OF ERROR:
By defendant's only assignment of error, he maintains that the trial court erred in imposing an excessive sentence. Mosley was sentenced to the maximum penalty, 99 years, on each of the armed robbery counts, a total of 297 years to be served at hard labor without benefit of probation, parole or suspension of sentence. Furthermore, the trial judge specified that the sentences were to run consecutively, rather than concurrently.
Article I, Section 20 of the 1974 Louisiana Constitution prohibits the imposition of excessive punishment. The Supreme Court has held that a sentence may be reviewed for excessiveness even if it is within the statutory limits. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Sepulvado, 367 So.2d 762 (La.1979).
Article 894.1 of the Code of Criminal Procedure provides guidelines for sentencing. According to this article, the court must state for the record "the considerations taken into account and the factual basis therefor in imposing sentence." In this case, the trial judge did not enunciate any factual considerations or reasons for imposing sentence, therefore failing to comply with the dictates of article 894.1. However, this failure does not automatically require us to remand the case for re-sentencing. According to the Supreme Court, a remand is not necessary if the sentence imposed is not apparently severe or if the record otherwise illumines the sentencing choice. State v. Robicheaux, 412 So.2d 1313 (La.1982).
In the instant case, the trial judge imposed the maximum penalty allowed by law on each of the armed robbery convictions. Maximum sentences are to be reserved for the most egregious and blameworthy of offenders within a class. State v. Telsee, supra, at 1253. The record herein reveals an especially violent hostage situation, resulting from an armed robbery endangering the lives of at least five people, one of whom was shot. In addition, evidence was admitted that Mosley had a prior conviction for negligent homicide. A reviewing court needs simply to be able to discern the reasons of the trial judge, and the record itself may provide these reasons. State v. Green, 409 So.2d 563 (La.1982); State v. Day, 391 So.2d 1147 (La.1980). In light of the facts of this case, we conclude that the imposition of the maximum sentence was not excessive, and that the failure to enumerate the factors listed in LSA-C.Cr.P. 894.1 does not require a remand. See State v. Martin, 400 So.2d 1063 (La. 1981) on rehearing; State v. Russell, 397 So.2d 1319 (La.1981); State v. Hawthorne, 454 So.2d 285 (La.App. 4th Cir.1984); State v. Collins, 461 So.2d 384 (La.App. 4th Cir. 1984).
Besides giving Mosley the maximum allowable sentence on each conviction, the trial judge directed that the sentences were to run consecutively. According to article 883 of the Code of Criminal Procedure, when the defendant is convicted of two or more offenses based on the same act or transaction, the terms of imprisonment shall be served concurrently, unless the court expressly directs that some or all of them be served consecutively. As a *736 general rule, the imposition of consecutive sentences for crimes arising from a single course of conduct requires particular justification. State v. Messer, 408 So.2d 1354 (La.1982). Because the function of the consecutive sentence is similar to that of the sentence imposed upon habitual or dangerous offenders, sentences for contemporaneous crimes should be concurrent unless it is shown that the offender poses an unusual risk to the safety of the public. State v. Sherer, 437 So.2d 276 (La.1983).
In this case, the trial judge articulated no factual considerations that would constitute particular justification for imposing consecutive sentences on defendant Mosley. Addressing both defendants, the judge said only that she wanted to make sure that they would "never see the light of day again" and that "people like [them] stay away from society." In State v. Franks, 373 So.2d 1307 (La.1979), the Supreme Court held that broad language such as this in imposing consecutive sentences does not satisfy the requirements of Code of Criminal Procedure article 894.1, and therefore remanded the case for re-sentencing. However, in this case we do not believe a remand is necessary. This defendant is 34 years old. Whether his sentence is 99 years or 297 years he will be in jail for the rest of his life unless he is pardoned. Remanding for resentencing under these circumstances is an academic exercise which has no practical benefit to anyone. It is the type of exercise which subjects judges and lawyers to well deserved criticism for wasting time on technicalities. Hopefully, the time of the judge, prosecutor, indigent defender, and court employees can be spent more profitably. The interests of the court system and society can be better served by closing the books on this case and letting defendant start officially serving his life time sentence whether it has a label on it of 99 years or 297 years.
Accordingly, for the foregoing reasons, we affirm the conviction and sentence of the defendant.
AFFIRMED.