482 So.2d 1067 (1986)
STATE of Louisiana, Plaintiff-Appellee,
v.
Richard DENNARD, Defendant-Appellant.
No. CR85-226.
Court of Appeal of Louisiana, Third Circuit.
February 5, 1986.
*1068 Ralph Kennedy, Alexandria, for defendant-appellant.
R. Greg Fowler, Asst. Dist. Atty., Alexandria, for plaintiff-appellee.
Before STOKER, YELVERTON and KNOLL, JJ.
STOKER, Judge.
The defendant Richard Dennard was indicted on two counts of first degree murder for killing the mother and grandmother of his girl friend in Rapides Parish. As a result of plea bargaining, the defendant entered a plea of guilty to two counts of second degree murder. The judge ordered a presentence investigation and report. At sentencing the defendant was given an opportunity to be heard. The judge sentenced Richard Dennard to serve a life sentence for each count of second degree murder, and ordered that the sentences be served consecutively.
The defendant complains that his sentence is excessive because the court directed that it be served consecutively instead of concurrently. In the formal assignment of errors defendant urged that the judge failed to follow LSA-C.Cr.P. art. 894.1 guidelines, however counsel failed to brief this on appeal. Since we find that the trial judge has not abused his discretion, we affirm.

FACTS
Richard Dennard was planning to leave town with his girl friend Jane Ann Norman who is a codefendant in this case. Norman was sixteen at the time of the crime and Dennard was nineteen. When he arrived at her home to pick her up, the mother and grandmother were asleep. Dennard and Norman decided to hit the women over the head to keep them from preventing their departure. Norman apparently gave Dennard a whiskey bottle and he struck the grandmother on the head. She woke up screaming which in turn awakened the mother. Norman gave Dennard a gun and he shot and killed the mother and the grandmother.
The couple then stole cash, credit cards and the family vehicle. Soon after they left Alexandria they pulled off the highway to have sex. They continued on to Maryland, living primarily off of her mother's credit cards. The victims were found two days after the murder when worried neighbors called the authorities. The couple was apprehended as they were leaving a motel in Laurel, Maryland and returned to Louisiana to face charges of first degree murder. At no time did the couple make any effort to check on the fate of the two women.
LSA-Const. art. 1, Sec. 20 prohibits excessive punishment and permits judicial review of sentencing. The penalty for second degree murder is a mandatory term of life imprisonment without benefit of parole, probation, or suspension of sentence. LSA-R.S. 14:30.1. The only discretion the trial judge could exercise is whether to direct that the sentences for the two murders run concurrently or consecutively. LSA-C.Cr.P. art. 883. Since Dennard has but one life to serve, it is difficult to see that a consecutive sentence would penalize him excessively.
The crimes that Dennard committed are heinous and create a threat to society. The murders were senseless because the couple could have made their departure without waking the women. The trial judge ordered a presentence report and it is clear from the record that he properly considered the individual circumstances of the defendant. When the guidelines of LSA-C.Cr.P. art. 894.1 are followed, our only role on appeal is to consider manifest error. State v. Wisdom, 463 So.2d 1000 (La.App.3d Cir. 1985). Since we find none, we affirm.
AFFIRMED.