WILLIAMS, Judge.
Defendant was indicted by a grand jury on December 11, 1986, with one count of aggravated rape (LSA-R.S. 14:42), one count of aggravated kidnapping (LSA-R.S. 14:44), one count of armed robbery (LSA-R.S. 14:64), and one count of aggravated crime against nature (LSA-R.S. 14:89.1). He was tried on September 8-9, 1987, and was found guilty as charged on all four counts by the twelve-member jury.[1] He was sentenced on September 18, 1987 as follows: 1) life imprisonment at hard labor without benefit of probation, parole or suspension of sentence on each of the crimes of aggravated rape and aggravated kidnapping; 2) ninety-nine years at hard labor without benefit of probation, parole or suspension of sentence for the armed robbery; 3) fifteen years at hard labor without benefit of probation, parole or suspension of sentence for the aggravated crime against nature. The sentences on each count were to run consecutively.
We reject the defendant’s argument that the imposition of consecutive terms in this case requires that the case be remanded for resentencing. The judgment of the lower court is affirmed.
FACTS
On November 3, 1986, the victim herein was confronted by the defendant in front of a convenience store in Baton Rouge. The defendant ordered the victim, at gunpoint, to enter the truck she had been driving. The defendant ordered the victim to drive to New Orleans. During this drive, the victim was ordered to disrobe and drive in this condition, and was later allowed to dress herself. The defendant also at one point repeatedly fired the gun out of the window.
When they arrived in New Orleans, the defendant instructed the victim to drive to a particular motel where she was forced to register. Once inside the hotel room, the defendant held the victim at gunpoint and ordered her to hand over her jewelry. After forcing the victim to take a shower, the defendant attempted to force her to perform fellatio. The defendant then bound and gagged the victim, performed sexual intercourse upon her and then forced her to perform fellatio. During this attack, the defendant pistol-whipped the victim and threatened to kill her.
Several hours after having registered, the defendant and the victim left the hotel room. They stopped for gasoline at a Gulf Service Station on Franklin Avenue in New Orleans. The defendant and the victim approached the window in order that the de *492 fendant could pay for gas. While they were at the window, the victim signaled to the cashier, Keith Barney, to call the police. Mr. Barney noticed that the victim was bleeding above the eye and her hair was wet. He also saw the victim struggle with defendant when he tried to make her stay in the passenger seat. After observing the victim’s condition and the defendant’s actions, Mr. Barney called the police.
Officer Michael Conn and his partner responded to the call. When they arrived at the service station, they saw the defendant walking from behind the station where a trash dumpster was located. The victim was seated in the truck and was screaming, apparently for help. After informing him of his rights, the police searched the defendant. The police found the victim’s jewelry in the defendant’s back pocket. The defendant was subsequently placed under arrest.
The victim was brought to Charity Hospital. An examination revealed multiple whelps and abrasions on the victim’s body, bruising around both wrists, and a cut above the left eye which required eight stitches. In addition, the victim had two cuts in the vaginal area and two in the anal area. The treating physician testified that these cuts were not consistent with normal sexual intercourse but indicated the use of force.
The defendant gave a completely different account of the incident. The defendant testified that the victim asked him to take a ride with her. She first took him to a “bad” area of Baton Rouge and then drove to New Orleans. She made a phone call from a gas station and then went to the motel. Defendant testified that immediately after getting the hotel room, he and the victim went to the Desire Housing Project where the victim met a man and left defendant for fifteen minutes. When the victim and the man returned, the man robbed the defendant. Defendant testified that he then walked back to the hotel room where he found the victim. Her hair was wet and she had a cut above her eye. The room was in disarray, and the victim’s jewelry was on the dresser. As they left the room, defendant picked up the jewelry for the victim and placed it in his pocket. They then went to the Gulf station where they bought gas and he got a soft drink and napkins for the victim.[2] Mr. Barney testified that the defendant did not get a soft drink or napkins for the victim.
ERRORS PATENT
A review of the record reveals that there are no errors patent.
ASSIGNMENTS OF ERROR
Defendant’s first complaint is that the indictment as to count four is deficient in that it fails to allege one or more of the aggravating circumstances enumerated in LSA-R.S. 14:89.1 so as to constitute an aggravated crime against nature. Because defendant has failed to brief this assignment of error, it is therefore deemed abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.
In his second assignment of error, defendant claims that the trial court erred by imposing an excessive sentence. Specifically, he complains that the trial court’s imposition of consecutive sentences on the four counts is without adequate basis and is, therefore, unconstitutionally excessive.
The sentence for aggravated rape, as well as for aggravated kidnapping, is life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. The maximum sentence for aggravated crime against nature is fifteen (15) years at hard labor without benefit of probation, parole or suspension of sentence.
As noted, the trial judge gave the defendant the maximum allowable sentence on each conviction and directed that the sentences were to run consecutively. According to LSA-La.C.Cr.P. art. 883, when the defendant is convicted of two or more offenses based on the same act or transaction, the terms of imprisonment shall be served concurrently, unless the court expressly directs that some or all of them be *493 served consecutively. Furthermore, the Louisiana Supreme Court has held that the imposition of consecutive sentences for crimes arising from a single course of conduct requires particular justification. State v. Messer, 408 So.2d 1354 (La.1982). The Court has also stated that, because the function of the consecutive sentence is similar to that of the sentence imposed upon habitual or dangerous offenders, sentences for contemporaneous crimes should be concurrent unless it is shown that the offender poses an unusual risk to the safety of the public. State v. Sherer, 437 So.2d 276 (La.1983).
At the sentencing phase of the trial, the court noted the following facts: the defendant terrorized the victim by making her take off her clothes and by continually threatening to kill her during the entire trip from Baton Rouge to New Orleans; the defendant raped, pistol-whipped and sodomized the victim over a period of several hours and forced her to commit fellatio; the defendant then robbed the victim of her jewelry and money before attempting to take her elsewhere.[3] Before imposing sentence, the trial judge stated that “any lesser sentences than those which will now be imposed would deprecate the seriousness of the defendant’s atrocious conduct.”
One of the factors to be considered under the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1 is whether “a lesser sentence will deprecate the seriousness of the defendant’s crime.” LSA-C.Cr.P. art. 894.1A(3). In view of the trial judge’s discussion prior to sentencing and the reasons set forth therein, we find no error in the consecutive sentences imposed. We also note that any such error would be harmless under these facts. The defendant was found guilty of all the crimes with which he was charged. He received the maximum sentence on each count, including two life sentences and a sentence of ninety-nine (99) years, all without benefit of parole, probation or suspension of sentence. Thus, whether the sentences are to run consecutively or concurrently, the defendant will remain in jail for the remainder of his life unless he is pardoned. As this court held in State v. Mosley, 466 So.2d 733 (La.App. 4th Cir.1985), remanding for resentencing under these circumstances is an academic exercise which has no practical benefit to anyone,[4]
For the reasons stated herein, the judgment of the lower court is affirmed.
AFFIRMED.

. His first trial, on June 29, 1987, ended in a mistrial when the jury could not reach a verdict.

. The trial judge described the defendant’s story as "so bizarre and incredible that the jury returned with all four verdicts in 20 minutes."

. The trial judge did also note that the defendant was only 25 years old at the time and that he had no previous criminal record.

. The defendant in Mosley received three terms of 99 years each, to run consecutively. This court noted that whether or not the terms run consecutively, the thirty-four year old defendant would spend the rest of his life in jail.