594 So.2d 1072 (1992)
STATE of Louisiana
v.
Robert Dale MAXIE.
No. Cr91-487.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1992.
Writ Denied May 15, 1992.
*1073 W. Charles Brown, Mansfield, for defendant-appellant.
Don Burkett, Dist. Atty., Many, for plaintiff-appellee.
Before DOMENGEAUX, C.J., STOKER, J., and MARCANTEL[*], J. Pro Tem.
DOMENGEAUX, Chief Judge.
The defendant, Robert Dale Maxie, was charged with the second degree murder of Bryan Keith Jones. Defendant's first trial ended in a mistrial when the jurors could not reach a verdict. His second trial resulted in a verdict of guilty of manslaughter. After ordering a presentence investigation, the trial judge sentenced the defendant to the statutory maximum, 21 years at hard labor.
Although the defendant raises four assignments of error on appeal, he has briefed only two. Those assignments of error not briefed are deemed abandoned and shall not be considered. Uniform Rules of Courts of Appeal, Rule 2-12.4.

FACTS
The defendant, Robert Dale Maxie, and the victim, Keith Jones, were acquaintances who lived in the same apartment complex in Zwolle, Louisiana. The two men had had a series of confrontations concerning a trip to Dallas in December of 1989, during which the defendant alleged Jones had stolen $600 of stereo equipment from the defendant's car.
On February 4, 1990, Jones died from four gun shot wounds inflicted by the defendant. On that day, the defendant and Jones had argued on two separate occasions before the fatal shooting.
During the first argument, Jones threatened the defendant with a knife; however, this encounter was broken up by the victim's girlfriend, Denean Simms. The defendant and Jones then headed toward their apartments, the defendant in his car and the victim on foot.
The final confrontation occurred shortly thereafter in the parking area in front of the Lakeway Apartments. The defendant was driving out of the complex when he saw Keith Jones walking home. When Jones saw the defendant, Jones threw down his jacket, left the sidewalk and began walking toward the defendant's car. The defendant parked his car and got out, armed with a .22 caliber semi-automatic rifle.
Numerous witnesses presented different versions of the next events, but all testified that after an exchange of words, the defendant shot Jones four times. The first bullet shattered a bone in Jones' right leg, the three others entered his chest cavity. The first policeman on the scene testified he found the victim's opened knife about nine feet from his body.
*1074 The disputed testimony concerns whether the victim was armed with a knife during the confrontation and whether the victim continued to advance toward the defendant after the shooting started.
Lauren Rivers, 19, Bobby Rivers, Jr., 17, and Christi Corbin witnessed the shooting from the Rivers' home approximately 206 feet from the scene. Christi Corbin, who did not know either the victim or the defendant, testified the victim raised his hands and said, "What are you going to do, kill me?" Christi, Lauren and Bobby testified they all saw Jones' hands and he was unarmed. They also stated Jones did not continue advancing toward the defendant after the shooting started, but rather Jones attempted to dodge the defendant's bullets. Bobby Rivers, Sr., who did not witness the shooting, but offered assistance to the victim, testified he saw a closed knife near the victim's body.
Aretha Maxie Kennedy, who witnessed the shooting from a different vantage point, also testified that the victim was unarmed. Denean Simms did not witness the second confrontation but she testified she saw a closed knife near the victim's body.
The defendant testified that Jones threatened him with a knife and that Jones continued to approach him even after he fired the first shot. His testimony was corroborated by his girlfriend, Tetra Thomas, and her brothers, Cory Thomas and Marcus Statton.

SUFFICIENCY OF THE EVIDENCE
The defendant contends the evidence presented is insufficient to convict him of manslaughter.
When the issue of sufficiency of the evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). It is the role of the fact finder to weigh the respective credibilities of the witnesses and, therefore, the appellate court should not second guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983).
Although the defendant was originally charged with second degree murder, he was convicted of the lesser included offense of manslaughter. La.R.S. 14:31 defines manslaughter as:
(1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender's blood had actually cooled, or that an average person's blood would have cooled, at the time the offense was committed....
Since the defendant raised the defense of justification, the State must prove that the killing was not a justifiable act of self-defense. State v. Sylvester, 438 So.2d 1277 (La.App. 3d Cir.1983), writ denied, 444 So.2d 606 (La.1984), citing State v. Brown, 414 So.2d 726 (La.1982).
La.R.S. 14:20 provides that a homicide is justifiable:
(1) When committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger....
Defendant contends he justifiably killed Keith Jones because Jones advanced toward him with a knife, undeterred by the defendant's first shots. Although the defendant's testimony was corroborated by his girlfriend and her brothers, three disinterested witnesses testified otherwise. The witnesses who viewed the shooting from the Rivers' home stated that the victim was unarmed and that he had stopped his advance before the defendant began shooting. *1075 This version of the disputed events was supported in part by forensic evidence: A ballistic expert testified that the absence of powder burns on the victim's shirt established the victim was at least three feet from the end of the rifle barrel when it was discharged.
Even if the disputed facts were resolved in defendant's favor, other evidence discredits the defendant's claim of self-defense. The defendant could have easily driven away when Keith Jones approached him on foot. Instead, the defendant got out of his vehicle armed with a .22 caliber weapon. Although the defendant knew he hit Jones in the leg with his first shot, he admitted he continued to pull the trigger at least three more times.
Viewing the evidence in the light most favorable to the prosecution, we find any rational trier of fact could conclude the defendant did not have a reasonable belief that he was in danger of losing his life or receiving great bodily harm and that the killing was necessary to save himself from danger.
This assignment of error lacks merit.

SENTENCE REVIEW
The defendant contends his sentence of 21 years at hard labor, the statutory maximum, is excessive.
A sentence which falls within the statutory limits may, nevertheless, violate the defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime, or is nothing more than needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Reed, 409 So.2d 266 (La.1982). The trial judge is given wide discretion in the imposition of sentence within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Cann, 471 So.2d 701 (La.1985).
In written reasons for sentencing, the trial judge noted the defendant's youth, 22 years, his steady employment history, and that the defendant had never been convicted of another crime. Nonetheless, the trial court believed that a lesser sentence would deprecate the seriousness of the killing of another human being. The court believed the defendant acted without provocation or justification, knowing that his actions would cause serious harm to the victim. Finally, the trial judge concluded that a term of imprisonment would not cause hardship to the defendant's dependents because, although the defendant had a steady work history, he never provided support for his two illegitimate children who are receiving aid from the the State.
The defendant shot the victim four times over an alleged theft of goods worth $600 which defendant never reported as stolen. The defendant could have easily avoided the final confrontation with Jones, but he overresponded to the victim's actions by arming himself with a .22 caliber semi-automatic rifle. Although the defendant knew his first bullet struck the victim, he continued to pull the trigger at least three more times. Considering the above, we find a sentence of 21 years at hard labor is not excessive. Had the defendant been convicted of second degree murder, he would have received a mandatory life sentence.
This assignment of error is without merit.
For the above reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[*] Honorable Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.