657 So.2d 429 (1995)
STATE of Louisiana, Appellee,
v.
Chandler Elliot DUNBAR, Defendant-Appellant.
No. 94-1492.
Court of Appeal of Louisiana, Third Circuit.
May 31, 1995.
*430 Michael Harson, Lafayette, for State of La.
Joshua Galen Frank Jr., Opelousas, for Chandler Elliot Dunbar.
Before DOUCET, C.J., and THIBODEAUX and PETERS, JJ.
DOUCET, Chief Judge.
Defendant, Chandler Elliot Dunbar, was charged by an indictment filed in Lafayette Parish on May 21, 1992 with one count each of second degree murder, aggravated kidnapping, aggravated rape, and aggravated oral sexual battery. At arraignment held on June 17, 1992, the state amended the aggravated kidnapping charge to second degree kidnapping, and defendant entered a plea of not guilty to the charge.[1] On November 15, 1993, defendant filed a Motion to Quash the indictment based on double jeopardy. Although defendant's Motion to Quash was granted with respect to the second degree kidnapping charge, the court denied the motion with respect to the remaining charges. At the hearing held on November 15 and 16, 1993, the state announced that it would not try the defendant on the charge of aggravated oral sexual battery along with the charges of second degree murder and aggravated rape, since the charge of aggravated oral sexual battery is not the same mode of trial as the other two charges.[2] Defendant applied for writs with this court because of the denial of his Motion to Quash on the aggravated rape, second degree murder, and aggravated oral sexual battery charges, but the writ was denied on November 18, 1993 in an unpublished opinion bearing docket number K93-1482.
After trial by jury on the second degree murder and aggravated rape charges, defendant was found guilty of manslaughter and aggravated rape. On March 24, 1994, defendant was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence for his aggravated rape conviction, and twenty-one (21) years at hard labor for his manslaughter conviction. The sentences were ordered to run consecutively to each other and consecutively to defendant's sentence in St. Landry Parish.
Although defendant appeals from his convictions in Lafayette Parish, defendant's convictions in St. Landry Parish are factually related. In St. Landry Parish, defendant was charged by two separate indictments, returned on May 15, 1992, with one count of *431 aggravated rape and one count of second degree kidnapping being on one indictment, and one count of aggravated oral sexual battery being on the other indictment. On June 24 and 25, 1993, defendant was tried in St. Landry Parish on the charges of aggravated rape and second degree kidnapping. Defendant was found guilty of second degree kidnapping and not guilty of aggravated rape.
Defendant now appeals his Lafayette Parish conviction and sentence, alleging two assignments of error.

FACTS:
On May 1, 1992, at approximately 10:20 p.m., the defendant occupied a vehicle in Lafayette Parish along with three other passengers. Defendant and one of the passengers, Jesse Muse, began to struggle over defendant's gun. Several shots were fired, two of which struck Mr. Muse. Mr. Muse died as a result of the gunshot wounds. As the shots were being fired, Edwin Devillier, the driver of the vehicle, fled from the vehicle, leaving his girlfriend, the defendant, and Mr. Muse in the car. The defendant then jumped in the driver's seat and drove away from the scene with Mr. Devillier's girlfriend, Molly Gooch, and Mr. Muse in the car. Ms. Gooch testified the defendant held a gun to her head, refusing to let her leave.
Ms. Gooch testified that while the defendant drove away from the Lafayette area towards Opelousas, he ordered her to take off her pants and to perform oral sex on him, all the while holding his gun to her head to make her comply with his orders. Outside the city limits of Lafayette, but within the Parish of Lafayette, the defendant raped Ms. Gooch while continuing to hold her at gun point. Defendant then drove to Opelousas, where, according to Ms. Gooch, she was raped again. Following the rape in St. Landry Parish, the defendant fled the scene on foot and Ms. Gooch ran for help. Thereafter, defendant was arrested by the Opelousas Police Department and booked with the charge of aggravated rape.

ERRORS PATENT
La.Code Crim.P. art. 920 provides the scope of review on appeal, as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
In accordance with this article, all appeals are reviewed by the court for errors patent on the face of the record. After a review of the record, we find there are three errors patent.
First, defendant was not given credit for time served. La.Code Crim.P. art. 880 provides that when imposing sentence the court shall give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. The record indicates the trial court did not do so. La.Code Crim.P. art. 882(A) mandates this court amend the sentences to reflect that the defendant is given credit for time served prior to the execution of the sentences. Resentencing is not required; however, this case must be remanded with orders to the district court to amend the commitment and minute entry of the sentences to reflect that the defendant is given credit for time served. State v. Moore, 93-1632 (La.App. 3 Cir. 5/4/94), 640 So.2d 561.
Second, the record reflects that defendant was not notified of the three year prescriptive period for filing post conviction relief at the time of sentencing as required by La. Code Crim.P. art. 930.8. This defect has no bearing on whether the sentence is excessive and thus is not grounds to reverse the sentence or remand the case for resentencing. La.Code Crim.P. art. 921. The three year prescriptive period does not begin to run until the judgment is final under La.Code Crim.P. arts. 914 or 922, so prescription is not yet running. Apparently, the purpose of the notice of Article 930.8(C) is to inform defendant of the prescriptive period in advance; thus, the district court is further directed to inform the defendant of the provisions of Article 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received *432 the notice in the record of the proceedings. See State v. Fontenot, 616 So.2d 1353 (La. App. 3 Cir.), writ denied, 623 So.2d 1334 (La.1993).
Finally, we note defendant's indictment contains an error in the citation of a statute. The indictment states the defendant is charged with one count of second degree murder in violation of La.R.S. 14:31. The correct statute citation for second degree murder is La.R.S. 14:30.1. This type of error is addressed by La.Code Crim.P. art. 464:
The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.
Since defendant has not alleged any prejudice, the error is harmless.

ASSIGNMENT OF ERROR NO. 1:
By this assignment, defendant argues the trial court erred in failing to grant his Motion to Quash on the grounds of double jeopardy. In his Motion to Quash, defendant argued the charges of second degree murder, aggravated rape, and aggravated oral sexual battery filed in Lafayette Parish should be barred by double jeopardy because these charges were used to prove the elements of second degree kidnapping in his St. Landry Parish trial. The trial court did grant defendant's Motion to Quash with respect to his second degree kidnapping charge; therefore, that charge will not be discussed. However, the trial court denied defendant's Motion to Quash with respect to the remaining charges. Defendant filed a writ application with this court, but his writ was denied on November 18, 1993 in an unpublished opinion bearing docket number K93-1482.
Although defendant did not make the same argument on appeal as was made at the motion to quash hearing before the trial court, defendant did file two pro se motions to quash alleging the same argument made on appeal. Thus, we find defendant preserved his argument for appeal.
On appeal, defendant argues his constitutional right against double jeopardy was violated since he was found guilty of aggravated rape in Lafayette Parish after he had been acquitted of aggravated rape in St. Landry Parish and both counts arose out of the same course of conduct. Defendant does not argue on appeal that his Lafayette charges were used to convict him of second degree kidnapping in St. Landry Parish. Accordingly, we will only address his argument on the charge of aggravated rape.
Defendant argues the double jeopardy clause barred Lafayette Parish from prosecuting him for aggravated rape since he was also prosecuted and acquitted for aggravated rape in St. Landry Parish. As to this issue, defendant states:
Whether the Double Jeopardy Clause of the Fifth Amendment bars prosecution and punishment for the crime of aggravated rape in adjacent parishes committed during a continuous set of events?
Our brethren of the second circuit have previously addressed a similar issue in State v. Mills, 505 So.2d 933 (La.App. 2 Cir.), writ denied, 508 So.2d 65 (La.1987). In Mills, the defendant was charged with fifteen (15) counts of various offenses against the same victim. The offenses included nine (9) counts of aggravated rape and two (2) counts of aggravated crime against nature. The attacks all occurred on the same day, in the same place, over a relatively short period of time. The conduct charged in the rape counts was identical, and the conduct charged in the crime against nature counts was also identical. Nevertheless, the court found that the defendant was properly convicted on each count, that the indictment was not duplicitous, and the convictions did not constitute double jeopardy.
In the case sub judice, we find the defendant was not subject to double jeopardy by being charged with and tried for aggravated rape of the victim in both St. Landry Parish and Lafayette Parish. As in Mills, the offenses charged in the present case violated *433 the same substantive statute, were committed against the same victim, and occurred on the same night. Unlike the offenses in Mills, however, the offenses in the present case occurred in two different parishes. The defendant was charged with aggravated rape in Lafayette Parish and aggravated rape in St. Landry Parish. Given the fact that the court in Mills found no double jeopardy when the defendant was charged with more than one count of the same substantive offense committed against the same victim, in the same parish, over a short period of time, we find no double jeopardy in the present case where the defendant was charged in two different parishes with the same substantive offense committed against the same victim, in a different place, in the same night. Each act of rape was a separate violation of the victim. Moreover, La. Const. art. I, § 16 and La.Code Crim.P. art. 611 provide that a defendant shall be tried in the parish where the offense occurred. Since venue is jurisdictional in criminal cases, a valid conviction may only be secured in the court of proper venue. Thus, defendant could not have been tried for the rape that occurred in Lafayette Parish in St. Landry Parish and vice versa. See State v. Brown, 626 So.2d 851 (La.App. 2 Cir.1993). Accordingly, for the foregoing reasons, this assignment is without merit.

ASSIGNMENT OF ERROR NO. 2:
By this assignment, defendant argues the trial judge erred in imposing consecutive sentences as punishment for offenses which arose out of the same course of conduct. La.Code Crim.P. art. 883 provides:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.
According to article 883, it is within the trial judge's discretion to impose consecutive rather than concurrent sentences. In the instant case, the trial judge chose to impose the maximum sentences for manslaughter and aggravated rape and chose to impose them consecutively, stating:
... The Court must consider the aggravating and mitigating circumstances. I could find no mitigating circumstances having sat through the trial of this case. For aggravating circumstances, other than the offenses themselves, after conviction you are still denying that you intentionally killed some one.
Shooting someone at point-blank range who was unarmed and then proceeding to drive a young woman and force her to have oral sex on you and then rape her at gunpoint while the shooting victim lay gurgling in his own blood in the back seat of the vehicle certainly shows a callus [sic] and cold disregard for human life and criminal conduct of the most abhorrent nature. The suffering and pain you have inflicted to [sic] these victims and their families is something that will be with them for the rest of their lives. Anything less than a maximum sentence served consecutively would deprecate the seriousness of these offenses.
After imposition of the sentences, defense counsel filed a Motion to Reconsider the sentences pursuant to La.Code Crim.P. art. 881, claiming they were excessive because ordered to run consecutively. In denying defendant's motion, the trial judge stated:
Okay. Considering the argument on consecutive and concurrent sentences, Article 883 states that unless I express directly that they be served currently [sic] if it's out of a common scheme or plan, which we don't really know if it was a scheme or plan. There's no evidence on that. But regardless, I'm expressing directly that it be, and I think it's appropriate that it be served consecutively. And that's only if the Court and if the judgment is silent on whether it's consecutive or concurrent. That's the guidelines. But I'm stating that because of the seriousness of the offenses, I feel that consecutive is appropriate. So I *434 understand your argument on that, and I'm denying the motion and denying a hearing on it.
In State v. Thompson, 544 So.2d 421, 439 (La.App. 3 Cir.), writ denied, 550 So.2d 626 (La.1989), this court stated, "As a general rule, imposition of consecutive rather than concurrent sentences for crimes requires particular justification." As shown above, the trial judge did give particular justification for imposing a consecutive sentence. He stated that defendant shot an unarmed person at point-blank range, forced a young woman to have oral sex with him and then "raped her at gunpoint while the shooting victim lay gurgling in his own blood in the back seat of the vehicle." The trial judge further noted such conduct was of the "most abhorrent nature", and showed "a callus [sic] and cold disregard for human life." Finally, the trial judge stated, "The suffering and pain you have inflicted to these victims and their families is something that will be with them for the rest of their lives. Anything less than a maximum sentence served consecutively would deprecate the seriousness of these offenses." Accordingly, we find the trial judge did give particular justification for imposing consecutive sentences.
Even if the trial judge committed error in imposing consecutive sentences, the error was harmless. For defendant's aggravated rape conviction, the trial judge sentenced the defendant to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. In State v. Mosley, 466 So.2d 733 (La.App. 4 Cir.), writ denied, 468 So.2d 1202 (La.1985), the fourth circuit, with whom we agree, found remand unnecessary in a life-imprisonment case where the imposition of consecutive sentences was improper. The court in Mosley sentenced the defendant to consecutive sentences of ninety-nine (99) years each on three counts of armed robbery, a total of 297 years, to be served without benefits. The fourth circuit stated, "Whether [the defendant's] sentence is 99 years or 297 years he will be in jail for the rest of his life unless he is pardoned. Remanding for resentencing under these circumstances is an academic exercise which has no practical benefit to anyone." Mosley, 466 So.2d at 736, see also State v. Franklin, 519 So.2d 292, 295 (La.App. 5 Cir.1988). In State v. Dennard, 482 So.2d 1067, 1068 (La.App. 3 Cir.1986), this court stated in dicta that since the defendant "has but one life to serve, it is difficult to see that a consecutive sentence would penalize him excessively." Thus, even if the trial court erred in imposing a consecutive sentence in the present case, the error was harmless.
Defendant also argued on appeal that the trial court erred in finding no mitigating circumstances during sentencing and in refusing to allow a hearing for defendant to provide mitigating evidence. This alleged error, however, was not assigned as an error in the trial court. Furthermore, defendant did not raise this argument in his Motion to Reconsider Sentence. Thus, defendant has waived his right to raise it on appeal. In State v. Mims, 619 So.2d 1059 (La.1993), the supreme court found:
Under Article 881.1 the defendant must file a motion to reconsider and set forth the "specific grounds" upon which the motion is based in order to raise an objection to the sentence on appeal. However, in order to preserve a claim of constitutional excessiveness, the defendant need not allege any more specific ground than that the sentence was excessive. If the defendant does not allege any specific ground for excessiveness or present any argument or evidence not previously considered by the court at original sentencing, then the defendant does not lose the right to appeal the sentence; the defendant is simply relegated to having the appellate court consider the bare claim of excessiveness. Article 881.1 only precludes the defendant from presenting arguments to the court of appeal which were not presented to the trial court at a point in the proceedings when the trial court was in a position to correct the deficiency.
Mims, 619 So.2d at 1059-1060.
Since defendant did not raise the trial judge's failure to consider mitigating circumstances in his Motion to Reconsider, defendant has waived his right to raise this issue on appeal. We do note, however, that the trial judge *435 allowed defendant's mother to speak at his sentencing.
Although not assigned as an error in the trial court, defendant argues his sentence was excessive. This court could remand the case to the trial court in order to allow the defendant to file supplemental assignments of error thereby permitting the trial court to make an appropriate response. State v. Thorne, 514 So.2d 1170 (La.1987), after remand, 526 So.2d 1227 (La.App. 3 Cir.1988). However, in the interest of judicial economy, the court will consider the assignment.
When orally arguing his Motion to Reconsider Sentence, defendant argued the imposition of consecutive sentences was excessive. However, as stated above, this court has found it difficult to see that a sentence of life imprisonment to be served consecutively could excessively penalize someone when that person has but one life to serve. Dennard, 482 So.2d at 1068 (La.App. 3 Cir.1986). Thus, the trial court did not punish defendant excessively by imposing a consecutive sentence.
When defendant orally argued his Motion to Reconsider, he focused only on the consecutive nature of his sentence. However, in his written Motion to Reconsider and in his brief before this court, defendant alleged the general excessiveness of the sentences themselves. Because of the supreme court's holding in Mims that a defendant must allege only the excessiveness of a sentence in order to preserve a claim of constitutional excessiveness on appeal, we will discuss the constitutionality of the sentences imposed on defendant. Defendant received the mandatory life sentence for aggravated rape without benefit of probation, parole, or suspension of sentence. In State v. Conway, 556 So.2d 1323, 1329 (La.App. 3 Cir.), writ denied, 563 So.2d 876 (La.1990), this court found such a sentence to be constitutional stating:

EXCESSIVENESS OF SENTENCE
Conway and Alexander were both convicted of aggravated rape under La.R.S. 14:42(C). That statute provides:
"Whoever commits the crime of aggravated rape shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence." La.R.S. 14:42(C).
Conway and Alexander contend that, under the circumstances of this case, the mandatory sentence constitutes cruel, unusual, and excessive punishment under the Eighth Amendment of the United States Constitution and Article I § 20 of the 1974 Louisiana Constitution.
In State v. Foley, 456 So.2d 979 (La.1984), the Louisiana Supreme Court expounded at length on the constitutionality of the mandatory sentence found in La.R.S. 14:42(C). The court stated:
`The mandatory life sentence for aggravated rape is a valid exercise of the state legislature's prerogative to determine the length of sentence for crimes classified as felonies. State v. Prestridge, 399 So.2d 564 (La.1981); State v. Farria, 412 So.2d 577 (La.1982); and State v. Talbert, 416 So.2d 97 (La.1982).
* * * * * *
As to the gravity of the offense, the legal definition of aggravated rape in LSA-R.S. 14:42[A](2) is virtually identical to that of forcible rape. Distinctions are drawn based on the degree of force and the resistance of the victim. The jury determines the permissible punishment by a verdict which fits the crime by assessing the degree of force employed. State v. Willie, 422 So.2d 1128 (La.1982).
* * * * * *

Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977), held that a death sentence for rape is excessive punishment under the Eighth Amendment, but did not discount the seriousness of the crime. `It is highly reprehensible both in a moral sense and in its almost total contempt ... of the female victim and for the latter's privilege of choosing those with whom intimate relationships are to be established. Short of homicide, it is the ultimate violation of self.' 433 U.S. at 597 [598], 97 S.Ct. at 2869 [2870], 53 L.Ed.2d at 992, *436 993. `Aggravated rape inflicts mental and psychological damage to its victim and undermines the community sense of security ... Aggravated rape deserves a harsh penalty; it is one of the most violent felonies a person can commit.' (Footnotes omitted.) State v. Foley, 456 So.2d 979, at pages 981-983 (La.1984).
In Foley, the court discussed other reasons for the constitutionality of the penalty. We see no point in repeating those reasons here. See, State v. Foley, supra. A mandatory sentence of life imprisonment without benefit of parole, probation, or suspension of sentence is not a constitutionally excessive sentence. State v. Brown, 524 So.2d 264 (La.App. 5 Cir.1988), and cases cited therein.
For these reasons, this assignment of error also has no merit.
We find no reason to deviate from our holding in Conway and find the trial court's imposition of such a sentence in the present case was not constitutionally excessive.
Defendant also received the maximum sentence of twenty-one (21) years at hard labor for his manslaughter conviction. In 1992, the year in which defendant committed the present offense, La.R.S. 14:31(B) provided:
Whoever commits manslaughter shall be imprisoned at hard labor for not more than twenty-one years. However, if the victim was killed as a result of receiving a battery and was under the age of ten years, the offender shall be imprisoned at hard labor, without benefit of probation or suspension of sentence, for not less than two nor more than twenty-one years.[3]
In discussing the excessiveness of a maximum sentence for manslaughter, this court in State v. Maxie, 594 So.2d 1072 (La.App. 3 Cir.), writ denied, 598 So.2d 372 (La.1992). stated:
A sentence which falls within the statutory limits may, nevertheless, violate the defendant's constitutional right against excessive punishment. (citations omitted).
Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime, or is nothing more than needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. (citations omitted). The trial judge is given wide discretion in the imposition of sentence within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of discretion. (citations omitted).
Id. at 1075
In Maxie, this court upheld a maximum sentence for manslaughter even though the defendant was only twenty-two (22) years old, was steadily employed, and had never been convicted of another crime. This court reasoned:
Nonetheless, the trial court believed that a lesser sentence would deprecate the seriousness of the killing of another human being. The court believed the defendant acted without provocation or justification, knowing that his actions would cause serious harm to the victim. Finally, the trial judge concluded that a term of imprisonment would not cause hardship to the defendant's dependents because, although the defendant had a steady work history, he never provided support for his two illegitimate children who are receiving aid from the State.
Id.
In sentencing the defendant in the present case, the trial judge likewise noted that anything less than a maximum sentence served consecutively with defendant's other sentences would deprecate the seriousness of the offenses. The trial judge noted the fact that the defendant shot an unarmed victim at point-blank range, forced a woman to have oral sex with him, then raped "her at gunpoint while the shooting victim lay gurgling in his own blood in the back seat." The trial court further noted that the defendant's conduct *437 showed "a callus [sic] and cold disregard for human life and criminal conduct of the most abhorrent nature" and that the "suffering and pain [the defendant] inflicted to [sic] these victims and their families is something that will be with them for the rest of their lives." Considering the foregoing, we find the trial judge did not abuse his discretion in sentencing the defendant to the maximum sentence for manslaughter.
For the reasons stated above, this assignment also lacks merit.
Accordingly, the defendant's convictions and sentences are affirmed. The case is remanded to the district court to amend the commitment and minute entry of the sentences to reflect that defendant is given credit for time served and for the district court to inform defendant of the three year prescriptive period for filing post-conviction relief by sending appropriate written notice to the defendant within ten (10) days of the rendition of this opinion. Written proof of the notice shall be filed in the record of the proceedings.
AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] We note the statute cited for count two of the indictment, La.R.S. 14:44.1, is the offense of second degree kidnapping. However, before the state's amendment, the back of the indictment referred to the offense as being aggravated kidnapping, while still citing the statute for second degree kidnapping.
[2] We also note the original indictment contained an improper joinder of offenses since all offenses were not triable by the same mode of trial. In a pro se Motion to Quash, the defendant cited La.Code Crim.P. art. 532(3) and art. 495, both of which deal with the misjoinder of offenses, as grounds for his motion. However, at a hearing on a motion to sever on different grounds, the state recognized the misjoinder and stated its intention was to try defendant on the murder and rape charges only.
[3] We note the maximum sentence for manslaughter was increased to forty (40) years at hard labor by Acts 1992, No. 306 § 1.