MOTION TO REMAND
LABORDE, Judge.
Defendant, Russell Burris, pleaded guilty to the offense of cultivation of marijuana, a violation of LSA-R.S. 40:966 A(l) and B(2), and was sentenced to serve three years at hard labor. The defendant has appealed. Thereafter, a joint motion for extension of time within which to file briefs was filed by the defense and the State, and was denied by this Court. The basis for that motion was that the defendant and the State had jointly filed in the trial court a motion to permit the withdrawal of the defendant’s guilty plea, which motion, according to defendant, is still pending in the trial court. Subsequently, the defense filed a motion to remand this matter to the trial court for an evidentiary hearing on the motion to permit the withdrawal of the guilty plea.
In both the motion for the extension of time and in the motion to remand, defendant urges that his plea of guilty was involuntary on the ground that the sentence imposed was not that which had been contemplated by the parties, thus vitiating the voluntariness of the plea.
A plea of guilty cannot be withdrawn after a sentence has been imposed, unless it is shown that the plea and/or sentence are constitutionally infirm. State v. Banks, 383 So.2d 1009 (La.1980). A guilty plea has been found to be unconstitutionally infirm when the State does not fulfill an express or implied part of the plea bargaining agreement which precipitated the defendant’s decision to so plead. State v. Warren Hayes, 423 So.2d 1111 (La.1982). In Hayes, The Court stated: “... [D]ue process may be offended both when there is a promise and when the defendant justifiably believes that there is a promise, which is later broken.” However, a defendant cannot withdraw his guilty plea when a misunderstanding regarding his sentence was not induced by representations made by the State or by the trial court. State v. Lockwood, 399 So.2d 190 (La.1981).
In the instant case, the defendant alleged in his previous motion for extension of time (which was denied) that both the State and the defense understood that the sentence to be imposed would be one year at hard labor, that defense counsel advised her client that such would be the sentence, and that on the basis of such representations the defendant entered his plea of guilty.
*14 In light of the above, it would appear that there may be some validity to the defendant’s allegations that his plea was rendered involuntary when the alleged representations made to him concerning the length of his sentence failed to materialize. Therefore, it is ordered that this matter be remanded to the trial court for the holding of an evidentiary hearing for a determination whether the defendant’s guilty plea was voluntarily made.
REMANDED.
ORDER
After due consideration of the motion by relator, Russell W. Burris, Jr., and for the reasons of the Court attached hereto,
IT IS HEREBY ORDERED that the defendant’s sentence in the above captioned case be remanded to the Thirty-Fifth Judicial District Court for the proceeding ordered herein.