KING, Judge.
The sole issue presented by this appeal is whether or not the sentences imposed on the defendant are excessive.
Bobby Marcantel (hereinafter defendant) was charged by bill of information with one count of armed robbery, a violation of La. R.S. 14:64, and with one count of simple escape, a violation of La.R.S. 14:110. Pursuant to a plea bargain, defendant pled guilty to aggravated burglary and simple escape. The trial court accepted defendant’s guilty plea and ordered a presentence investigation and report. After receiving the presentence report and holding a sentencing hearing, the trial court sentenced defendant to the custody of the Louisiana Department of Corrections to serve twenty years at hard labor on the aggravated burglary charge and one year at hard labor on the simple escape charge, with the sentences to be served consecutively. Defendant appeals his sentences alleging that the sentences are excessive. We affirm the sentence of the defendant on each charge.
FACTS
On June 26, 1981, defendant and an accomplice made an unauthorized entry into a Eunice, Louisiana residence and robbed the occupant at gunpoint of approximately $2,000.00. The defendant was armed with a pistol. Defendant and two others were arrested in connection with the incident.
Defendant pled not guilty to the charge of armed robbery on August 4, 1981. On March 9, 1982, while awaiting trial, defendant escaped from the parish jail. A warrant was issued for his arrest but defendant was never apprehended. Defendant voluntarily turned himself in three and one-half years later on August 27, 1985.
On May 8, 1986, the defendant entered a plea of guilty to the crime of simple escape and, pursuant to a plea bargain, to the crime of aggravated burglary rather than armed robbery. The defendant was sentenced to twenty years at hard labor on the aggravated burglary charge and one year at hard labor on the simple escape charge, with the sentences to be served consecutively.
EXCESSIVENESS OF SENTENCE
Defendant argues that the sentence imposed on him by the trial court is excessive and should be reduced under the circumstances of this case. Defendant emphasizes that his lack of a previous criminal record, the fact that he voluntarily turned himself in, and the lesser sentence received by his co-defendants should be considered for the reduction of his sentences.
Defendant pled guilty to aggravated burglary, a violation of La.R.S. 14:60, which provides for a penalty of imprisonment at hard labor for not less than one nor more than thirty years. Defendant also pled guilty to simple escape, which provided for a penalty of not less than one year at hard labor, to be served consecutively to any other sentences, under the statute in effect at the time defendant committed the offense in 1982. Thus, defendant could have received up to one additional year imprisonment on the simple escape charge. The *129 maximum sentences the defendant could have received would have been thirty one years at hard labor.
In State v. Morgan, 428 So.2d 1215, at page 1216 (La.App. 3 Cir.1983), writ den., 433 So.2d 166 (La.1983), this Court stated the appellate standard of determining whether a sentence is unconstitutionally excessive as follows:
“[A] sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355, 358 (La.1980). In determining whether the penalty is grossly disproportionate, the court must consider ‘the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.’ Id. In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).” State v. Morgan, 428 So.2d 1215, at page 1216 (La.App. 3 Cir.1983), writ den., 433 So.2d 166 (La.1983).
See also State v. Miller, 495 So.2d 422 (La.App. 3 Cir.1986).
The trial judge concluded that the protection of the public demanded that defendant be sentenced to a term of incarceration. In his oral reasons for sentencing, the judge considered all aggravating and mitigating factors, stating that:
“Pre-sentence investigation indicates the defendant is a first offender. Considering the pre-sentence investigation, the statements offered by counsel, the report, letters of recommendation which were sent to me, and the guidelines of Article 894.1 of the Code of Criminal Procedure, it is my judgment that although I received many favorable letters of recommendation which I have considered, I find that the defendant is in need of correctional treatment which can best be provided by his commitment to an institution of the Department of Corrections. I find also that a lesser sentence than that which I’m going to give him, would deprecate the seriousness of this crime. The defendant was originally charged with armed robbery. He and confederates, who covered their heads and faces with stockings, unlawfully entered the residence of [the victim], and at gunpoint, this offender being armed with a pistol, robbed her of some Two Thousand Dollars in currency, and while being detained by the sheriff, he later escaped. It is only because of a plea bargain that defendant was allowed to plead to aggravated burglary rather than armed robbery with which he was charged. Because of his crime, [the victim] stated that both she and one of her grandsons, age seven, have been affected emotionally from this experience. I do not feel any mitigating circumstances, nor that any part of Article 894.1(b) sections 1 through 11, are applicable to this case. Human life was in danger during the time defendant committed the robbery of [the victim].”
Defendant asserts that his involvement in the crime did not justify a greater sentence than that imposed on his co-defendants. The trial judge addressed this assertion at the sentencing hearing, stating that:
“I understand that and they were not sentenced by this court nor did the pre-sentence investigation indicate that they had the pistol.”
A trial court may consider criminal activity not leading to a conviction, State v. Brown, 410 So.2d 1043 (La.1982), and the fact that a defendant plea bargained in sentencing, State v. Lanclos, 419 So.2d 475 (La.1982). The trial judge properly considered the defendant’s actions in participating in the offense resulting in the charge to which he pled guilty.
Under the sentencing guidelines set forth in La.C.Cr.P. Art. 894.1, a sentence must be individualized to the defendant. State v. Day, 414 So.2d 349 (La.1982). When the guidelines of La.C.Cr.P. Art. 894.1 are fol *130 lowed, a sentence should not be set aside as excessive in the absence of an abuse of the trial court’s wide sentencing discretion. State v. Dennard, 482 So.2d 1067 (La.App. 3 Cir.1986); State v. Williams, 446 So.2d 565 (La.App. 3 Cir.1984).
The record reflects that the trial judge thoroughly considered the mitigating factors urged by the defendant in this case. The sentences are not so grossly disproportionate to the severity of the offenses as to shock our sense of justice. There appears to be no abuse of discretion on the part of the sentencing judge. We therefore conclude that defendant’s assignment of error is without merit.
For the foregoing reasons, defendant’s sentence on each charge are affirmed.
AFFIRMED.