G. WILLIAM SWIFT, Jr., Judge Pro Tem.
The sole issue presented by this appeal is whether or not the sentence imposed on defendant is excessive.
The defendant, Vance Alton Vogel, was charged by a bill of information with one count of simple burglary, a violation of La.R.S. 14:62, and one count of theft, a violation of La.R.S. 14:67. Pursuant to a plea bargain, defendant pled guilty to unauthorized entry of a place of business, prohibited by La.R.S. 14:62.4. The trial court accepted defendant’s guilty plea and ordered a pre-sentence investigation and report. After receiving this report and holding a sentencing hearing, the trial court sentenced defendant to the custody of the Louisiana Department of Corrections to serve three years at hard labor under La.R.S. 14:62.4. Defendant appeals his sentence alleging that the sentence is excessive. We affirm.
On October 81, 1986, the Leesville City Police Department received a call of a silent alarm at Culotta-McKee Hardware in Leesville, Louisiana. As the officers approached the side of the hardware store they noticed a wall panel had been torn away above the air conditioner. Upon entry into the building, the officers found a hunting knife and a buck knife in the hallway of the store. They further noted that the glass case containing guns and knives had been forced open. As the officers further searched the building they discovered the defendant hiding in the rear of the store underneath a pipe shelf. He was then arrested and charged with burglary and theft by the Leesville City Police Department.
Defendant pled not guilty to both of these charges, but later withdrew this plea and tendered a plea of unauthorized entry of a place of business, which the State accepted. The second count of theft was nolle prossed.
The trial judge sentenced the defendant to three years at hard labor, stating the grounds which he considered required by LSA-C.Cr.P. Art. 894.1.
Defendant argues that the sentence of three years at hard labor is excessive and constitutes cruel and unusual punishment. He points out that this is his first felony offense, he was drinking alcohol at the time of this offense and that he is a prime candidate for less restrictive rehabilitation.
La.R.S. 14:62.4 provides for a penalty of a fine of not more than $1,000.00 or imprisonment with or without hard labor for not more than six years or both. The defendant thus could have received a maximum sentence of six years and a $1,000.00 fine, but was sentenced to only three years.
In State v. Morgan, 428 So.2d 1215, at page 1216 (La.App. 3 Cir.1983), writ den., 433 So.2d 166 (La.1983), this Court stated the appellate standard of determining whether a sentence is unconstitutionally excessive as follows:
“[A] sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355, 358 (La.1980). In determining whether the penalty is grossly disproportionate, the court must consider ‘the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.’ Id. In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. *898 State v. Abercrumbia, 412 So.2d 1027 (La.1982).”
See also, State v. Marcantel, 502 So.2d 127 (La.App. 3 Cir.1987); State v. Lemelle, 502 So.2d 130 (La.App. 3 Cir.1987); and State v. Miller, 495 So.2d 422 (La.App. 3 Cir.1986).
La.C.Cr.P. Art. 894.1 sets forth the grounds that the trial judge should consider in imposing a sentence. In following these grounds, the trial judge in the instant case noted the economic loss of the victim due to damages to his property, the possibility at the time of the crime of personal harm to the proprietor of the hardware store, the lack of provocation for the crime, the fact that the victim had not been compensated for his financial loss, the defendant’s juvenile record of two convictions of simple burglary, a conviction of possession of stolen property, a conviction of unauthorized use of a movable which belonged to the victim of the instant case, that in the past the defendant was a poor probation performer according to his probation officer, the defendant’s use of alcohol and propensities toward illegal drugs and a general bad attitude.
Under the sentencing guidelines set forth in La.C.Cr.P. Art. 894.1, a sentence must be individualized to the defendant. State v. Day, 414 So.2d 349 (La.1982). When the guidelines of La.C.Cr.P. Art. 894.1 are followed, a sentence should not be set aside as excessive in the absence of an abuse of the trial court’s wide sentencing discretion. State v. Dennard, 482 So.2d 1067 (La.App. 3 Cir.1986); State v. Williams, 446 So.2d 565 (La.App. 3 Cir.1984).
The record reflects that the trial judge considered La.C.Cr.P. Art. 894.1, including the mitigating factors urged by the defendant in this case. The sentence is not so grossly disproportionate to the severity of the offense as to shock our sense of justice. There appears to be no abuse of discretion on the part of the sentencing judge. We therefore conclude that defendant’s assignment of error is without merit and the sentence is affirmed.
AFFIRMED.