546 So.2d 1343 (1989)
STATE of Louisiana, Plaintiff-Appellee,
v.
Carolyn JONES, Defendant-Appellant.
No. CR88-997.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1989.
Rehearing Denied July 10, 1989.
*1345 Patrick J. Durusau, Jena, for Carolyn Jones.
Edwin L. Cabra, Asst. Dist. Atty., Leesville, for State.
Before STOKER, YELVERTON and KNOLL, JJ.
YELVERTON, Judge.
This criminal appeal raises essentially two issues, both dealing with the sentence.
Appellant, Carolyn Jones, was charged in four bills of information with eighty-eight counts of varying grades of theft, all violations of La.R.S. 14:67. The charges arose out of her activities as the proprietor of a local insurance agency. She systematically accepted monies from clients of the agency over an extended period of time without forwarding the funds to an insurance company for issuance of the expected policies. The 88 victims named in the counts were defrauded of over $125,000 which appellant received as payment on policies never issued. On May 6, 1988, appellant entered a plea of guilty to four counts of felony theft. Pursuant to a plea agreement, the prosecutor dismissed the remaining 84 theft counts and, without admitting guilt, appellant acknowledged receipt of the monies mentioned in those counts for civil liability purposes.
Appellant was sentenced to seven years at hard labor on each count with the sentences directed to be served concurrently. At sentencing, the trial judge made three references to the losses suffered by the victims in the counts dismissed pursuant to the plea agreement. During a hearing in a subsequent attempt to withdraw the guilty plea, appellant asserted she was unaware the dismissed counts would be considered for sentencing purposes. Appellant insisted she would not have entered a guilty plea had she been made aware that that was going to be done. The trial judge denied her motion to withdraw the guilty plea. Appellant seeks review of the trial court's actions based on four assignments of error.
ASSIGNMENT OF ERROR NOS. 1 AND 3:
By these assignments of error, appellant contends that the trial judge erred by imposing an excessive sentence and by improperly considering the 84 counts dismissed pursuant to the plea agreement. According to appellant, consideration of the charges dismissed by the prosecutor violates the criminal defendant's presumption of innocence until guilt is proved.
LSA-C.Cr.P. Art. 894.1 provides criteria to follow in imposing sentence and mandates that the trial court state for the record the considerations taken into account and the factual basis for its conclusions in imposing sentence to insure that each sentence is individualized to the offender and the offense. State v. McDonald, 414 So.2d 735 (La.1982). Even though the sentencing court need not articulate every aggravating and mitigating circumstance contained in Article 894.1, the record must reflect that adequate consideration was given to these guidelines in particularizing defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983); State v. Aucoin, 500 So.2d 921 (La.App. 3 Cir.1987). A sentence falling within statutory limitations may still be constitutionally excessive. State v. Sepulvado, 367 So.2d 762 (La. 1979). A penalty will be deemed excessive where it is so disproportionate to the crime committed, in light of the harm caused to society, as to shock the reviewing court's sense of justice. State v. Cann, 471 So.2d 701 (La.1985); State v. Campbell, 404 So.2d 1205 (La.1981). The sentencing court is given wide discretion in the imposition of sentences within statutory limits, and the sentence should not be set aside as excessive in the absence of a manifest abuse of the sentencing court's discretion. State v. Howard, 414 So.2d 1210 (La.1982).
By pleading guilty to four counts of felony theft in excess of $500, appellant was exposed to a maximum sentence on each count of a fine of not more than $3,000 or imprisonment with or without hard labor for not more than ten years, or both. In *1346 articulating reasons for sentencing, the court noted the lack of a prior criminal record and the fact that the victims were not physically harmed as factors in mitigation. However, the court noted that the victims in no way induced appellant's conduct and emphasized the unlikelihood of restitution. The court noted prior allegations of misconduct by appellant at a different insurance company. The judge felt appellant's unwillingness to admit full responsibility for the thefts indicated a possibility of recidivism and further established that appellant represented a poor probationary risk. The judge stated that a sentence less than the seven years imposed would deprecate the severity of appellant's actions and would deprive appellant of much needed correctional treatment. The court referred to the 84 dismissed counts in articulating the total losses accrued by victims of appellant's scheme, in referring to the improbability of full restitution and in mentioning the reduced penalty exposure received as a consequence of the plea agreement.
The sources of information from which a sentencing judge may draw are extensive. It is entirely appropriate for the trial judge to consider criminal activity which has not led to a conviction. State v. Washington, 414 So.2d 313 (La.1982); State v. Marcantel, 502 So.2d 127 (La.App. 3 Cir.1987). A plea bargain which results in a reduced penalty exposure is a legitimate consideration in sentencing as the trial judge must individualize the penalty in light of the defendant's actual conduct. State v. Day, 414 So.2d 349 (La.1982); State v. Lemelle, 502 So.2d 130 (La.App. 3 Cir.1987).
The record reflects that the trial court thoroughly reviewed both aggravating and mitigating circumstances in individualizing the sentence to the offender and the offense. The judge's reference to the 84 counts dismissed by the plea bargain was not inappropriate nor did it operate to undermine appellant's constitutional rights. Indeed, the reference demonstrates the trial court's desire to tailor the penalty to the offender. The sentence imposed is not so disproportionate to the crimes committed as to shock one's sense of justice and is not a manifest abuse of the sentencing judge's discretion.
For these reasons, these assignments of error have no merit.
ASSIGNMENT OF ERROR NOS. 2 AND 4:
By these assignments of error, appellant alleges that the trial court erred in refusing to allow the withdrawal of the guilty plea. According to appellant, the trial judge's reliance on the 84 dismissed counts in sentencing was contrary to her understanding of the plea agreement and requires that the plea be set aside.
The trial court has wide discretion in permitting a guilty plea to be withdrawn but this discretion may not be exercised arbitrarily. State v. Compton, 367 So.2d 844 (La.1979). After sentence has been imposed, a guilty plea may be withdrawn only if it is shown that the plea is constitutionally infirm. State v. Burris, 443 So.2d 12 (La.App. 3rd Cir.1983). A plea of guilty is invalid when the defendant is induced to enter a plea by a plea agreement or by what the defendant reasonably believes is a plea agreement, and the terms of the bargain are not satisfied. State v. Holmes, 475 So.2d 1057 (La.1985); State v. Hayes, 423 So.2d 1111 (La.1982); State v. Burris, supra. Where a defendant's misunderstanding is not induced by or attributed to representations made by the district attorney or the trial court, there are no grounds for withdrawal of the plea. State v. Lockwood, 399 So.2d 190 (La.1981).
In the instant case, during the plea colloquy the trial judge enunciated the terms of the plea agreement. Appellant was to enter guilty pleas to four felony counts and admit receipt of the funds mentioned in all counts in exchange for the prosecutor dismissing the remaining 84 *1347 counts. Appellant, defense counsel and the prosecutor each acknowledged that the judge accurately depicted the agreement. Appellant informed the court that no other terms existed in the agreement and that no particular sentence was guaranteed. The prosecutor complied with the terms of the plea agreement by dismissing the remaining 84 theft counts. If, as appellant now asserts, there was a misunderstanding as to whether criminal activity alleged in the 84 dismissed counts would be used as a sentencing consideration, such misunderstanding is in no way attributable to the district attorney or the trial court.
The plea colloquy establishes that the trial judge clearly enunciated the plea agreement as well as rights being waived by the plea, including the privilege against self-incrimination, the right to confrontation and the right to trial by jury. The judge carefully questioned appellant to establish her understanding of the charges and the proceedings. The guilty plea was made after a knowing and voluntary waiver of rights. The district attorney complied with the terms of the bargain. Therefore, there is no constitutional infirmity in the guilty plea and the trial judge did not abuse his discretion in denying the motion to withdraw the plea.
For these reasons, these assignments of error are without merit.
SENTENCES AFFIRMED.