# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-1408


**STATE OF LOUISIANA**

**VERSUS**

**DARRYL BOUDREAUX**


************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 06-1106
HONORABLE LORI A. LANDRY, DISTRICT JUDGE

************

## JIMMIE C. PETERS
## JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and John D. Saunders and Jimmie C. Peters, Judges.


**AFFIRMED.**

**J. Phil Haney**
**District Attorney, Sixteenth Judicial District**
**Walter J. Senette, Jr.**
**Assistant District Attorney**
**St. Mary Parish Courthouse**
**Franklin, LA 70538**
**(337) 828-4100**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Karla M. Baker**
**Thomas M. Calogero**
**Martin E. Regan Jr. & Associates, PLC**
**2125 St. Charles Avenue**
**New Orleans, LA 70130**
**(504) 522-7260**

**COUNSEL FOR DEFENDANT/APPELLANT:**
    Darryl Boudreaux

PETERS, J.

The State of Louisiana (state) charged the defendant, Darryl Boudreaux, by bill of information with one count of vehicular homicide, a violation of La.R.S. 14:32.1, and one count of hit-and-run driving, a violation of La.R.S. 14:100. Pursuant to a plea agreement, the defendant plead guilty to the offense of hit-and-run driving, and the state dismissed the vehicular homicide charge. When he entered his guilty plea, the defendant also admitted to being a second felony offender as defined by La.R.S. 15:529.1. Based on his guilty plea and second-felony-offender status, the trial court sentenced the defendant to serve twelve years at hard labor and ordered that the sentence be served consecutively with a sentence the defendant was serving for a prior conviction. After the trial court rejected his motions to reconsider his sentence and to withdraw his guilty plea, the defendant perfected this appeal, asserting four assignments of error.

## DISCUSSION OF THE RECORD

The facts in this criminal prosecution are not seriously disputed. While operating a motor vehicle on the morning of April 2, 2006, the defendant struck and killed Joshua Derouen. He left the scene of the accident and went to great lengths to repair his vehicle and hide the fact that he had struck Mr. Derouen. At the time he was sentenced for the instant offense, the defendant was serving a five year sentence for a prior conviction of second degree battery, a violation of La.R.S. 14:34.1.

## OPINION

In his appeal, the defendant raises the following assignments of error:

1. Whether the "open-ended" plea was too vague and indeterminate as to render it constitutionally infirm.

2. Whether the trial court erred in sentencing [the defendant] to consecutive time.

3. Whether the trial court erred in denying the motion to withdraw guilty plea.

4. Whether [the defendant] received an excessive sentence.

*Assignment of Error Number One*

The defendant asserts in this assignment of error that his acceptance of the plea agreement was not knowingly and intelligently made because he did not understand the sentencing consequence of the plea agreement. "After sentencing, a guilty plea may be withdrawn only if it is shown that the plea is constitutionally infirm." *State v. Filer*, 99-626, p. 7 (La.App. 3 Cir. 9/20/00), 771 So.2d 700, 704, *writ denied*, 00-2918 (La. 9/21/01), 797 So.2d 63. In *State v. Readoux*, 614 So.2d 175, 176 (La.App. 3 Cir. 1993), this court held:

> A guilty plea is invalid, or constitutionally infirm, when a defendant is induced to enter a plea of guilty by a plea bargain agreement, or what he reasonably or justifiably believes was a plea bargain agreement, and the terms of the bargain are not satisfied. *State v. Jones*, 546 So.2d 1343, 1346 (La.App. 3d Cir.1989); *State v. Taylor*, 535 So.2d 1229, 1230 (La.App. 3d Cir.1988), quoting *State v. Dixon*, 449 So.2d 463, 464 (La.1984).

The record reflects that the incident giving rise to the criminal charges occurred on April 2, 2006; the state filed its bill of information charging the defendant with the original offenses on June 30, 2006; the defendant pled not guilty to the charges on July 7, 2006; the defendant entered his guilty plea and admission as a habitual offender on January 22, 2008; and the trial court sentenced him on April 21, 2008. The record also contains a document entitled, "**CERTIFICATE OUTLINING FELONY PLEA AGREEMENT**," dated January 22, 2008, which reads in part as follows:

I. **CHARGE:**

The defendant, DARRYL BOUDREAUX, agrees to plead guilty

2

as SECOND FELONY OFFENDER (LA. R.S. 15:529.1).

## II.   PLEA AGREEMENT:

The defendant, **DARRYL BOUDREAUX,** will plead **OPEN ENDED** and the Court will order a certified criminal history and set a sentencing hearing to be held at a later date.

. . . .

I HEREBY UNDERSTAND and agree to all the above terms and conditions of my plea agreement and conditions of probation.  I also understand that this plea agreement contemplates the District Attorney's office will discuss the plea agreement with the victim(s) of said crime, if any, and that this plea agreement may be revoked at any time prior to the entry of my plea of guilty.

This language is followed by the signature of the defendant and his trial counsel.

At the January 22, 2008 hearing wherein the defendant entered his plea to the offense, the trial court made the consequences of the defendant's plea very clear.  The trial court first explained to the defendant the rights he was waiving by pleading guilty.  After receiving an affirmation from the defendant that he understood those rights and the consequences of the loss thereof, the trial court recited the particulars of the statute defining the offense of hit-and-run driving, as set forth in La.R.S. 14:100(A), and explained the sentencing range for a conviction involving a fatality, as set forth in La.R.S. 14:100(C)(2).  After explaining the particulars of the offense and the potential punishment, the trial court inquired whether the defendant understood what was explained.  In each instance, the defendant stated, "Yes, Ma'am."

When the trial court turned to the defendant's admission that he was a second felony offender, it again clearly explained the process and procedure to the defendant.  After reading all of La.R.S. 15:529.1(A)(1)(a), the trial court again asked the defendant if he understood the particulars of the statute identifying him as a second

3

felony offender and the sentence that might be imposed. In response to each question, the defendant again stated, "Yes, Ma'am."

We find nothing in the record that suggests the defendant's plea and acknowledgment of habitual offender status were not knowingly and intelligently made. Therefore, we find no merit in this assignment of error.

### *Assignment of Error Number Two*

In this assignment of error, the defendant asserts that the trial court erred in causing his sentence to run consecutively with the sentence he was serving for the second degree battery conviction. We agree, but find that this is harmless error.

The record establishes that the defendant's prior conviction of second degree battery initially resulted in a partially suspended sentence.[1] His probation was revoked effective February 13, 2008, and he began serving the remainder of the original sentence at that time. The sentencing judge in the second degree battery proceeding was not the presiding judge in the matter now before us. Additionally, the sentencing judge made no comment concerning whether the sentence should run concurrently or consecutively with any other sentence.

Louisiana Code of Criminal Procedure Article 901(B) provides in pertinent part that "[w]hen a defendant who is under a suspended sentence . . . is convicted of any offense under the laws of this state . . . his suspended sentence or probation may be revoked as of the date of the commission or final conviction of the offense." With regard to how that revoked sentence is to be served, Article 901(C)(2) provides:

> When the new conviction is a Louisiana conviction, the sentence *shall* run consecutively with the sentence for the new conviction, *unless*

---

[1] The trial court sentenced the defendant to serve five years at hard labor with all but one year being suspended and the defendant being placed on supervised probation.

4

the court originally imposing the suspension or probation *specifically orders that said sentences are to be served concurrently*, in which case the court minutes shall reflect the date from which the sentences are to run concurrently.

(Emphasis added).

Louisiana jurisprudence has consistently held that the authority to order consecutive sentences under this circumstance rests exclusively in the proceeding wherein the earlier sentence was imposed and not in the subsequent proceeding. *State v. Kendrick*, 96-1636 (La.App. 3 Cir. 6/25/97), 699 So.2d 424, *writ denied*, 98-2159 (La. 12/18/98), 731 So.2d 280. *See also State v. Jefferson*, 33,333 (La.App. 2 Cir. 5/10/00), 759 So.2d 1016, *writ denied*, 00-1945 (La. 9/21/01), 797 So.2d 59, and *State v. Hines*, 07-313 (La.App. 5 Cir. 11/27/07), 970 So.2d 707.[2]

In this matter, the trial court lacked the authority to order that the sentence it was imposing run consecutively with the original sentence. However, the defendant's probation was revoked on February 13, 2008, or after he entered his guilty plea in the matter now before us. Because the sentencing judge in the prior offense did not order that the sentence run concurrently with the sentence that might be imposed on the instant conviction, the provisions of La.Code Crim.P. art. 901(C)(2) mandate that the latter sentence be consecutive. Therefore, in the matter before us, the effect of the trial court's order was to impose a sentence already required. Thus, the trial court's

---

[2]We note that both *Kendrick* and *Jefferson* equate "the court" as used in La.Code Crim.P. art. 901(C)(2), to the individual judge who imposed the original probationary sentence. This language raises specific issues where that judge has died or left office before the probation revocation hearing takes place as it seems to suggest that in such situations, Article 901(C)(2) would be rendered inapplicable, and no one would have authority to impose consecutive sentences. In the matter before us, the judge who imposed the original probationary sentence was also the judge who revoked that probation. Given that particular fact situation, we do not have to address the issue past concluding that the revocation occurred in the same legal "proceeding" and only that presiding judge had the authority to apply Article 901(C)(2). We will not consider the effect of *Kendrick* and *Jefferson* to other fact situations not before us, and we save those issues to another day.

5

attempt to run the sentences consecutive to one another is harmless error.

*Assignment of Error Number Three*

In this assignment of error, the defendant argues that the trial court erred in not granting his motion to withdraw his guilty plea. He bases this argument on his assertion that his trial counsel misrepresented to him the sentencing range for his plea as a second felony offender. Specifically, he asserts that his trial counsel told him that he would be sentenced to no more than seven years at hard labor, and possibly as little as five years.

At the hearing on his motion to withdraw his pleas, the defendant testified that when he signed the open-ended plea agreement, his trial counsel informed him that his sentence would be between five and seven years. The defendant also testified that he did not respond to the trial court's question during the plea proceeding concerning whether any promises were made to him regarding his possible sentence "[b]ecause I was believing in my lawyer" and because his trial counsel had also informed him that if he pled, "they're going to drop the charges on my family."

The defendant's trial counsel testified that he did discuss with the defendant the sentencing ramifications of the state's plea offer. During that discussion, he informed the defendant that he thought the trial court "would be inclined to sentence him from seven to ten years," although he emphasized that it could be "a little less" or "a little more."

Given the record as a whole, we do not find the defendant's self-serving testimony to be sufficient to establish that his trial counsel promised he would receive only seven years imprisonment in exchange for his pleas.

> It is well settled that if a defendant's misunderstanding is not induced by
> or attributed to representations made by the district attorney or the trial

6

court, there is no ground for invalidating the guilty plea. *State v. Malmay*, 548 So.2d 71, 73 (La.App. 3d Cir.1989); *State v. Jones*, [546 So.2d 1343 (La.App. 3 Cir. 1989)].

It is also well settled that a misunderstanding between a defendant and counsel for defendant does not have the same implication as a breached plea bargain agreement, and this misunderstanding does not render the guilty plea invalid. *State v. Lockwood*, 399 So.2d 190 (La.1981); *State v. Johnson*, 533 So.2d 1288, 1292 (La.App. 3d Cir.1988), *writ denied*, 563 So.2d 873 (La.1990). In the absence of fraud, intimidation, or incompetence of counsel, a guilty plea is not made less voluntary or less informed by the considered advice of counsel. See, *State v. Johnson*, 461 So.2d 1259, 1261 (La.App. 1st Cir.1984).

*Readoux*, 614 So.2d at 176-77.

We find no merit in this assignment of error.

### Assignment of Error Number Four

The defendant asserts in his final assignment of error that his twelve-year sentence is constitutionally excessive. In considering this assignment, we first note that La.R.S. 15:529.1(A)(1)(a) provides that "[i]f the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction." Because La.R.S. 14:100(C)(1)(c) provides that the maximum incarceration that may be imposed on a conviction of hit-and-run driving is ten years at hard labor, the sentencing range for the defendant is a minimum of five years and a maximum of twenty years at hard labor. Thus, the defendant received a sentence slightly above the mid-range.

In *State v. Williams*, 03-3514, p. 14 (La. 12/13/04), 893 So.2d 7, 16-17, the supreme court stated the standard of review for a sentence is as follows:

The trial judge is given a wide discretion in the imposition of

7

sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. *State v. Thompson,* 2002-0333 (La.4/9/03), 842 So.2d 330; *State v. Washington,* 414 So.2d 313 (La.1982); *State v. Abercrumbia*, 412 So.2d 1027 (La.1982). A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Cook,* 95-2785 (La.5/31/96), 674 So.2d 957. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *Id.*

At the sentencing hearing, the trial court took into consideration the defendant's criminal history, which included an arrest for criminal damage to property, one conviction for domestic abuse, and two convictions for second degree battery. On both second degree battery convictions, the defendant had been placed on probation and his probation was subsequently revoked.

After listening to testimony from the victim's family and friends, as well as the defendant and his family and friends, and after a lengthy recitation regarding the blame for the defendant's actions, the trial court imposed the twelve-year sentence.

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991).

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786,789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

In *State v. Williams*, 02-707, p. 8 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095, 1101, this court held that "[t]he trial court may also consider other factors not provided by La.Code Crim.P. art. 894.1," including "the benefit obtained by the

defendant through the plea bargain." In this case, the defendant clearly benefitted from the plea agreement in that the state dismissed the vehicular homicide charge which, standing alone, provided for an incarceration sentencing range of five to thirty years at hard labor, with at least three years of any sentence imposed being without benefit of probation, parole, or suspension of sentence. La.R.S. 14:32.1(B). Additionally, the defendant went to great lengths to cover up his crime and was apprehended weeks later after an extensive police investigation.

We find no merit in this assignment of error.

## DISPOSITION

We affirm the defendant's conviction, adjudication as a multiple felony offender, and sentence in all respects.

**AFFIRMED.**

9