JUDE G. GRAVOIS, Judge.
 

 |2The defendant, Juan Yanes, has appealed his conviction, of unauthorized entry of a place of business in violation of LSA-
 
 *248
 
 R.S. 14:62.4. For the reasons that follow, we affirm the defendant’s conviction and sentence.
 

 FACTS
 

 Officer Walter Landry of the Kenner Police Department testified that he was dispatched to Samuel Brown Pediatrics, a medical office in Kenner, Louisiana, on August 13, 2007 at 1:09 a.m. to investigate a possible burglary. When he arrived at the location, Officer Landry noted that the office in question was closed, that there were no lights on inside the waiting room, and that the waiting room window had been shattered. He observed a brick or rock below the broken window which appeared to have been used to shatter the window, and the inside alarm was sounding.
 

 Officer Landry entered the building through the broken window and waited for additional officers to arrive. When Deputy Gregory Smith and another officer | ^arrived, the three officers split up to search the building. While searching near the file room, Deputy Smith heard a noise, and then all of the officers heard the toilet flush in a restroom inside the building.
 

 Shortly thereafter, the defendant exited the restroom and the officers attempted to take him into custody. The defendant pulled away from the officers and a brief struggle ensued. The defendant was ultimately handcuffed and escorted to the police department, where he was arrested for burglary of a business and simple criminal damage to property.
 

 Officer Landry and Deputy Smith testified that the defendant was the only person located inside of the building during their search. They further testified that the defendant appeared to be intoxicated when they arrested him and that the defendant speaks Spanish. Deputy Smith stated that at the time the defendant was advised of his rights, he was “too drunk to sign the paperwork.”
 

 Pictures of the scene were admitted into evidence during the testimony of the officers. Additionally, there was a joint stipulation that Samuel Brown Pediatrics meets the statutory definition of a “business” under LSA-R.S. 14:62.4.
 

 Melissa Cuevas, an employee of Samuel Brown Pediatrics, testified that the waiting room window was not broken prior to the date of the incident. Ms. Cuevas further testified that the defendant was not employed by Samuel Brown Pediatrics and he did not have permission to be in the building at 1:00 a.m. on August 13, 2007. According to Ms. Cuevas, at the end of the work day when the employees leave the building, the security alarm is armed.
 

 Officer Aischa Prudhomme, a latent fingerprint analyst for the Jefferson Parish Sheriffs Office Crime Lab, testified at trial as an expert in fingerprint identification, analysis and examination. Officer Prud-homme compared the fingerprints on the incident arrest card to the fingerprints of the defendant taken on |4the morning trial commenced. Officer Prudhomme testified that the fingerprints taken on the date of arrest matched the fingerprints of the defendant.
 

 The State rested. A colloquy was held between the trial judge and the defendant outside the presence of the jury. In response to the defendant’s questions and after the defendant was informed that the State does not have to prove that he had intent to steal, the defendant decided not to testify. The defense did not put on any evidence. Following closing arguments, the jury retired to deliberate and ultimately returned a verdict of guilty of unauthorized entry of a place of business. This timely appeal followed.
 

 
 *249
 

 ANDERS BRIEF
 

 Under the procedure set forth in
 
 State v. Benjamin,
 
 573 So.2d 528, 530 (La.App. 4 Cir.1990),
 
 [1]
 
 appointed appellant counsel has filed an
 
 Anders
 
 brief pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and
 
 State v. Jyles,
 
 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record. The State concurs with appellate counsel’s assessment that there are no non-frivolous issues for appeal.
 

 ANALYSIS AND DISCUSSION
 

 In
 
 Anders,
 
 the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly |fifrivolous after a conscientious examination of it.
 
 [2]
 
 The request must be accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support them clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”
 
 McCoy v. Court of Appeals of Wisconsin, Dist. 1,
 
 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
 

 In
 
 State v. Jyles,
 
 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an
 
 Anders
 
 brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The court explained that an
 
 Anders
 
 brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
 
 State v. Jyles, supra.
 

 When conducting a review for compliance with
 
 Anders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.
 
 State v. Bradford,
 
 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion |fiand order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel.
 
 Id.
 

 The defendant’s appellate counsel asserts that after a detailed review of the record, he can find no non-frivolous issues to raise on appeal. Counsel first notes that the defendant required a Spanish language interpreter to ensure his right to a fair trial and that trial counsel did not
 
 *250
 
 object to the interpretation provided. Counsel concludes that it appears from the record that the trial court took adequate steps to ensure that the defendant was informed of the proceedings before him.
 

 Appellate counsel further notes that the facts of the instant case were straightforward and that the evidence appears sufficient to warrant a conviction. Additionally, appellate counsel avers that trial counsel’s plea for the responsive verdict of criminal trespass was reasonable under the circumstances, and that the jury’s decision to find the defendant guilty as charged to unauthorized entry into a place of business was also reasonable given the evidence presented at trial.
 

 Appellate counsel further avers that the defendant’s sentence of two years imprisonment at hard labor was within statutory limits and does not appear to be excessive for a crime that carries a maximum sentence of six years.
 

 Finally, appellate counsel notes that he reviewed the bill of information and minute entries, which indicate that the defendant was present at all crucial court proceedings.
 

 Appellate counsel has filed a motion to withdraw as attorney of record which states that counsel conducted a conscientious and thorough examination of the record and found no non-frivolous issue upon which to arguably support an appeal. Counsel’s motion further states the he filed a brief requesting review of all errors patent, a copy of which was mailed to the defendant on December 29, 2009. 17Attached to counsel’s appellate brief is a Pro Se Briefing Notice to Defendant dated December 29, 2009 which advises the defendant of his right to file a
 
 pro se
 
 brief in the appeal. Additionally, this Court sent the defendant a letter by certified mail informing him that an
 
 Anders
 
 brief had been filed and that he had until January 14, 2010 to file a
 
 pro se
 
 supplemental brief. The defendant has not filed a
 
 pro se
 
 brief.
 

 In its brief, the State contends that the appellant’s brief shows a complete and thorough recitation of the procedural history of the case, as well as a detailed statement of facts pertinent to the conviction with citations to the record to assist the appellate court. The State concludes that appellate counsel has cast an advocate’s eye over the record and has determined that there were no significant non-frivolous issues upon which to base an appeal. The State requests that this Court affirm the defendant’s conviction and sentence.
 

 This Court’s independent i’eview of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
 

 The bill of information in this case properly charged the defendant with violation of R.S. 14:62.4 stating that he did make an unauthorized entry into Samuel Brown Pediatrics. As required, the bill plainly, concisely, and definitely states the essential facts constituting the offense charged, and cites the statute which the defendant is alleged to have violated. It also sufficiently identifies the defendant, including an amendment to reflect an alias, and the crime charged. The bill of information thus presents no non-frivolous issues supporting an appeal.
 

 As reflected by the minute entries and commitment, the defendant appeared and was provided an interpreter at each stage of the proceedings, including his arraignment, trial and sentencing. As such, the defendant’s presence or lack thereof does not present any issues which would support an appeal. Furthermore, | Ras noted above, the court took sufficient steps to ensure that the defendant was adequately
 
 *251
 
 informed of the proceedings before him. Specifically, the court ensured that an interpreter was present for every hearing at which the defendant appeared and the court also issued an “Order to Interpreters” setting forth the responsibilities and obligations of the assigned interpreters. Further, trial counsel did not object to the interpretation provided. As such, there are no issues regarding the defendant’s ability to understand the proceedings before him that would support non-frivolous issues to be raised on appeal.
 

 As appellate counsel notes, the evidence at trial was sufficient to support the jury’s verdict. The standard of review for the sufficiency of evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In the present case, the defendant was charged with unauthorized entry into a place of business in violation of LSA-R.S. 14:62.4. To convict the defendant of the offense, the State was required to prove beyond a reasonable doubt that the defendant intentionally entered a place of business belonging to another, which was enclosed by a physical barrier at least six feet high, without the authority to do so.
 
 State v. Adger,
 
 35,111 (La.App. 2 Cir. 9/26/01), 797 So.2d 146, 149 (citing LSA-R.S. 14:62.4A).
 

 As noted above, there was a joint stipulation that Samuel Brown Pediatrics qualified as a “business” under LSA-R.S. 14:62.4. The testimony of Ms. Cuevas, an employee of Samuel Brown Pediatrics, established that the business was owned by Samuel Brown, that the defendant was not an employee of Samuel Brown Pediatrics, and that the defendant did not have authority to be in the building at the time the incident in question occurred.
 

 19Officer Walter Landry and Deputy Gregory Smith testified that they were dispatched to Samuel Brown Pediatrics at approximately 1:00 a.m. on August 13, 2007. They observed a brick or rock below a broken waiting room window of the closed office, and the security alarm was sounding. The officers searched the building and located the defendant inside. The officers testified that no other persons were present in the building.
 

 Although evidence presented at trial indicates that the defendant was intoxicated at the time of the offense, voluntary intoxication is available as a defense only in cases in which specific intent is a necessary element of the crime.
 
 State v. Stevenson,
 
 05-52, p. 7 (La.App. 5 Cir. 6/28/05), 908 So.2d 48, 53,
 
 writ denied,
 
 OS-2592 (La.6/2/06), 929 So.2d 1247). Because unauthorized entry of a place of business is a general intent crime, the defendant’s intoxication is not relevant to a sufficiency review.
 
 State v. Mahogany,
 
 07-360, p. 7 (La.App. 5 Cir. 10/30/07), 970 So.2d 1150, 1154-55 (holding that the State must prove general criminal intent in order to establish that the defendant committed the crime of unauthorized entry of a place of business).
 

 Finally, the defendant’s sentence presents no appealable issues. A sentence is considered excessive, even when it is within the applicable statutory range, if it imposes needless pain and suffering and is grossly disproportionate to the seriousness of the offense.
 
 State v. Warmack,
 
 07-311, p. 7 (La.App. 5 Cir. 11/27/07), 973 So.2d 104, 109. In reviewing a sentence for excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so dis
 
 *252
 
 proportionate as to shock the sense of justice.
 
 State v. Pearson,
 
 07-332, p. 15 (La.App. 5 Cir. 12/27/07), 975 So.2d 646, 655-56. The trial judge is afforded wide discretion in determining sentence, and the court of appeal will not set aside a sentence absent a clear abuse of the trial | incourt’s discretion.
 
 Id.
 
 at 15, 975 So.2d at 656 (citing
 
 State v. Brown,
 
 04-230, p. 4 (La.App. 5 Cir. 7/27/04), 880 So.2d 899, 902). The relevant question on appeal is whether the trial court abused its broad sentencing discretion, and not whether another sentence might have been more appropriate.
 
 State v. Cook,
 
 95-2784, p. 3 (La.5/31/96), 674 So.2d 957, 959
 
 cert. denied,
 
 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). In reviewing a trial court’s sentencing discretion, three factors are considered: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts.
 
 State v. Stewart,
 
 03-920, p. 16 (La.App. 5 Cir. 1/27/04), 866 So.2d 1016, 1027-28,
 
 writ denied,
 
 04-449 (La.6/25/04), 876 So.2d 832.
 

 The penalty for violation of LSA-R.S. 14:62.4(B) is a fine of up to one thousand dollars, or imprisonment with or without hard labor for a term of up to six years, or both. Therefore, the defendant could have received a maximum sentence of six years and a one thousand dollar fine. Instead, the defendant was sentenced to only two years at hard labor, with credit for time served, and was not fined.
 

 A review of the record shows that in imposing the sentence, the trial judge considered the sentencing guidelines of LSA-C.Cr.P. art 894.1. Acknowledging that the defendant had no prior convictions, the trial judge noted that the defendant attempted to flee when confronted by the police inside Samuel Brown Pediatrics. The trial judge also took into consideration that the defendant had entered a pediatrician’s office and, knowing “what is generally contained in doctor’s offices,” found this fact to be compelling. Moreover, the evidence shows that the defendant shattered the waiting room window upon entry, and that an .interior door was damaged during the defendant’s struggle with the police. Given the nature of the crime and the defendant’s background, the record supports the sentence l^imposed.
 
 See also State v. Vogel,
 
 524 So.2d 896, 898 (La.App. 3 Cir.1988) (holding that sentence of three years at hard labor for defendant convicted of first felony offense of unauthorized entry of place of business was not excessive where victim suffered economic loss to his property, there was a lack of provocation for the crime, there was a risk of personal harm to the proprietor of the business, the defendant had a juvenile record, and the defendant was drinking alcohol at the time of the offense and had a propensity toward illegal drugs and a general bad attitude).
 

 Having found that appellate counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and our independent review of the record supports counsel’s assertion, the defendant’s conviction and sentence are hereby affirmed and appellate counsel’s motion to withdraw as attorney of record is hereby granted.
 

 ERROR PATENT DISCUSSION
 

 The record was reviewed for errors patent in accordance with LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990).
 

 Although the commitment indicates that an advisal was given regarding the two-year prescriptive period for seeking post-conviction relief under LSA-
 
 *253
 
 C.Cr.P. art. 930.8, a review of the transcript reveals that the trial judge did not advise the defendant of the prescriptive period at his sentencing on June 8, 2009. However, the record shows that the advi-sal was subsequently given to the defendant on June 22, 2008.
 

 The transcript generally prevails where there is a discrepancy between the minutes and the transcript.
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983). | ^Therefore, this matter is remanded to the trial court for the limited purpose of correcting the commitment to reflect that that the defendant was informed of the prescriptive period for seeking post-conviction relief on June 22, 2009 rather than June 8, 2009 so as to maintain consistency with the trial transcript.
 

 CONCLUSION
 

 For the foregoing reasons, the defendant’s conviction and sentence are affirmed. This matter is remanded to the trial court for the limited purpose of correcting the commitment to agree with the transcript, as set forth above.
 

 CONVICTION AND SENTENCE AFFIRMED; MATTER REMANDED.
 

 [1]
 

 . The procedure set forth in
 
 Benjamin
 
 for compliance with
 
 Anders
 
 was sanctioned by the Louisiana Supreme Court in
 
 State v. Mouton,
 
 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in
 
 State v. Bradford,
 
 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.
 

 [2]
 

 . The United States Supreme Court most recently reaffirmed its position in
 
 Anders
 
 in
 
 Smith v. Robbins,
 
 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).