STATE OF LOUISIANA

VERSUS

BRIAN CLARKE

NO. 21-K-517

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Nancy F. Vega
Chief Deputy, Clerk of Court

August 11, 2021

Nancy F. Vega
Chief Deputy Clerk

**IN RE** BRIAN CLARKE

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT, PARISH OF ST CHARLES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE M. LAUREN LEMMON, DIVISION "D", NUMBER 20,399

Panel composed of Judges Marc E. Johnson,
John J. Molaison, Jr., and John J. Lee, Jr.

**WRIT GRANTED**

Relator, Brian Clarke, seeks review of the 29th Judicial District Court's July 22, 2021 judgment granting the State's Motion in Limine to Preclude Defense of Intoxication. In an amended bill of information filed on November 17, 2020, the State charged Mr. Clarke with one count of home invasion in violation of La. R.S. 14:62.8. The district court found that specific intent was not required to commit the crime of home invasion, and therefore Mr. Clarke was not entitled to assert voluntary intoxication as an affirmative defense. Mr. Clarke timely filed a Notice of Intention to Apply for Writ of Certiorari and the subsequent, instant writ. For the following reasons, we find that the district court abused its discretion and grant the writ application.

Louisiana Revised Statute 14:15 provides, in pertinent part, that the intoxicated or drugged condition of the offender at the time of the commission of the crime is immaterial except when the offender's intoxicated or drugged

condition precluded the presence of a specific criminal intent, then that fact constitutes a defense to a prosecution for that crime. La. R.S. 14:15 (2). "Voluntary intoxication can be considered as a defense only in cases where specific intent is a necessary element of the crime." *State v. Boleyn*, 328 So.2d 95 (La. 1976). *State v. Yanes*, 09-929 (La. App. 5 Cir. 4/27/10); 40 So.3d 245, 251. Whether voluntary intoxication in a particular case is sufficient to preclude specific intent is a question to be resolved by the trier of fact. *State v. Leeming*, 612 So.2d 308, 313 (La. App. 5 Cir. 1992), *writ denied*, 616 So.2d 681 (La. 1993).

The State argued in its motion that Mr. Clarke should not be able to assert the defense of voluntary intoxication because home invasion is a general intent crime. The use of the term "intent" in the definition of a crime references "general criminal intent" *in the absence of qualifying provisions*. La. R.S. 14:11. (Emphasis added.) Home invasion is the unauthorized entering of any inhabited dwelling, or other structure belonging to another and used in whole or in part as a home or place of abode by a person, where a person is present, *with the intent to use force or violence upon the person of another or to vandalize, deface, or damage the property of another*. La. R.S. 14:62.8. (Emphasis added.) The italicized portion of the statute cited in the preceding sentence is its qualifying provision – the specific criminal intent required to commit a home invasion. In order to prove an offender committed a home invasion, circumstances must indicate that the offender entered an inhabited dwelling, *etc.*, without authorization and "actively desired" [ . . . ] to use force or violence against another person, or to vandalize, deface, or damage another person's property. *See* La. R.S. 14:10 (1).

"General criminal intent is present wherever there is specific intent." La. R.S. 14:10; *see State v. Besse*, 11-230 (La. App. 5 Cir. 12/28/11); 83 So.3d 257, 263–64, *writ denied*, 12-292 (La. 5/25/12); 90 So.3d 409 (illustrating general criminal intent present in La. R.S. 14:62.3 (A) unauthorized entry of an inhabited

dwelling, which is an element of home invasion.) Therefore, as the State asserted and the Second Circuit stated in *State v. Williams*, 49,249 (La. App. 2 Cir. 10/1/14); 149 So.3d 462, 468, *writ denied*, 14-2130 (La. 5/22/15); 173 So.3d 1167, one could say that home invasion is also a general intent crime, but we, respectfully, point out that such an assertion is misleading. Proof of specific intent is required where the statutory definition of the crime "includes the intent to produce or accomplish some prescribed consequence (the frequent language being 'with intent to . . .')." *State v. Elzie*, 343 So.2d 712, 713-14 (La. 1977). To sum, we find that home invasion is a specific intent crime. Mr. Clarke is therefore allowed to assert voluntary intoxication as an affirmative defense. Accordingly, the writ application is granted.

Gretna, Louisiana, this 11th day of August, 2021.

**MEJ**
**JJM**
**JJL**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **08/11/2021** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**21-K-517**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED
29th Judicial District Court (Clerk)
Honorable M. Lauren Lemmon (DISTRICT JUDGE)
Maria M. Chaisson (Relator)

### MAILED
Hon. Joel T. Chaisson, II (Respondent)
District Attorney
Twenty-Ninth Judicial District Court
Post Office Box 680
Hahnville, LA 70057

8/11/21

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Joel Chaisson, D.A.
29th JDC
PO Box 680
Hahnville, La 70057

9590 9402 2434 6249 3551 04

21-C-517

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 5536

A. Signature

X _Lynda Troxler_

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

Lynda Troxler     8/16/21

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt